GEORGE PLUMB v. ALFRED ROBINSON AND CLARISSA ROBINSON.

1. In an application under the statute of March 3, 1831, for the redemption of land sold for taxes, it is not necessary that any person should be named as a party defendant in the application, or personally served with process. The proceeding is essentially *in rem*, and so far as its character is adversary, the statute provides for notice to all parties interested only by publication.
2. Where lands of a married woman have been sold for delinquent taxes, she may, in conjunction with her husband, institute proceedings to redeem, at any time during the coverture.
3. Upon the hearing of such application, parol evidence is admissible to show that the legal title to the premises, though held by another at the time of tax sale, was so held in trust merely, for the benefit of the applicant.

ERROR to the district court of Portage county.

The case is stated in the opinion of the court.

*J. L. & H. C. Ranney*, for plaintiff in error.

*Brown & Woodworth*, for defendants in error.

SCOTT, J.—The defendants in error, in December, 1858, filed their petition in the court of common pleas of Portage county, for the redemption, on behalf of the said Clarissa, of certain lands therein particularly described, and situated in that county, which had been, before that time, sold for taxes. The petition represented that the said Clarissa was, in the year 1820, and ever since continued to be, and still was, the owner of said lands, which had come to her by inheritance from her father, Joseph Metcalf, deceased; that said lands, consisting of fifty-nine acres, having become liable to sale for

delinquent taxes, were accordingly sold at delinquent tax sale by the auditor of said county, in December, 1826, at public auction, and were purchased by one John Campbell since deceased, for the sum of seventy-seven cents and two mills. The petition further states, that, at the time said delinquent taxes were levied, and at the time of said sale, the said Clarissa was, and ever since has been, and still is, the wife of the said Alfred Robinson; and then avers the publication of notice of the intention to make the application to redeem, for six consecutive weeks, etc., pursuant to the requirements of the statute in that behalf, and that petitioners had, at the same time, deposited with the clerk of the court the sum of one hundred and eighty-five dollars, being an amount equal to that for which said land was sold, and the taxes subsequently paid by the purchaser and those claiming under him, together with interest, and fifty per cent. penalty on the whole amount so paid, and including costs, etc., and thereupon prays for an order of redemption and restitution on behalf of said Clarissa.

At the next term of said court, in February, 1859, the petitioners filed a copy of the notice of their application to redeem, and made proof of its due publication.

At the following term of the court, in April of the same year, the applicants, and counsel for the adverse claimants under the tax sale, filed an agreed statement, as follows: "That the said Clarissa Robinson was and is the daughter of Joseph Metcalf, born in lawful wedlock, and that said Clarissa Robinson is one of the lawful heirs of said Joseph Metcalf; that Aaron Baird, the first husband of the said Clarissa Robinson, died in the year 1817, from which time she was a widow and unmarried until that on the 10th day of September, 1822, she was legally married to Alfred Robinson; that ever since, they have been, and still are, husband and wife, and are both living, and are the applicants to redeem in this case. The said Clarissa was married to the said Aaron Baird in 1807, and by him had issue born alive, some of whom are still living, and the said Clarissa had children by the said Alfred Robinson, some of whom are still living."

And thereupon came the said George Plumb, plaintiff in
.error, and appearing for no other purpose, moved the court
to dismiss the petition and proceedings herein, alleging that
he was at the time of instituting said proceedings and still is
the owner in fee, and in possession of the land sought to be
redeemed, and objecting to the jurisdiction of the court:

" 1. Because said petitioners, by their said proceedings and
petition, have not made the mover herein, or any other party
ever having an interest in said lands, or other party, party
defendant to said petition and proceedings, or in any manner
brought them or any of them into court as adverse parties, or
otherwise, as required by law."

" 2. Because from the statements contained in said petition,
it appears that the said petitioners, neither jointly nor sev-
erally, have such interest in the land sought to be redeemed
as will, by law, entitle them to an order for that purpose;
said petitioners being at the time of said sale for taxes, and
ever since, and now, husband and wife."

This motion was overruled, and the plaintiff in error ex
cepted, and having been, on motion, made a party defendan
appeared, and obtained leave to answer, and subsequently d  ／
.answer, denying the ownership of the said Clarissa Robins .a,
.and her seizin in fee of the premises at any time, as in 'aid
petition alleged, and denying her right to redeem the ame,
either in her own right, or jointly with her husbar ', and
averring the absolute ownership of the premises to ￢e in
himself.   Upon the issue thus joined, the case came . a to be
heard, and upon the proofs and exhibits the court f￢ ￢ad that
the said Clarissa Robinson was entitled to redeem ¹⁄￢e prem-
ises, and no application being made for the benefi' ￢f the law
for the relief of occupying claimants, by the ￢ ￢d George
Plumb, an order of redemption and restitution was made, to
all which the plaintiff in error excepted.

A bill of exceptions was taken upon the. hearing of the
case, which shows, that by consent of parties, the agreed
statement of facts, heretofore recited, was offered in evidence,
.and also the following chain of title and conveyances of the
land described in the petition, to-wit :

" 1st. A quit claim deed from Aaron Baird and Clarissa Baird, his wife, to Augustus A. Anderson, executed June 25, 1814, conveying to said Anderson, one seventh in common of about 1400 acres, including the land described in plaintiff's petition, belonging to the estate of Joseph Metcalf, of which the said Clarissa Baird, was one of seven heirs, as recorded in Geauga county records, November 10, 1830.

" 2d. A quit claim deed from Augustus A. Anderson to Clarissa Baird of same land, executed October 16, 1819, expressing that the deed to him (Anderson) was made as security for the payment of a note which Aaron Baird had paid. Recorded November 5, 1852, book 59, p. 249.

" 3d. The proceeding of a partition, had in the year 1820, of the 1400 acres, wherein the land described in the plaintiff's petition was set off and allotted to Clarissa Baird, book D, p. 59.

" 4th. A quit claim deed from Clarissa Baird (Aaron Baird, her husband, being dead), of the land in controversy, to Robert Sessions, jr., November 3, 1821. Recorded in book F, p. —, January 6, 1822.

" 5th. A quit claim deed from Robert Sessions, jr. to Clarissa, then the wife of Alfred Robinson, of the same land, dated July 10, 1837; this deed expressing that the former deed to Sessions, was only a trust. Deed recorded March 11, 1842, book 39, p. 548.

" 6th. A quit claim deed from Augustus A. Anderson to Solomon Noble, of one half in common, of the lands conveyed to him by Baird and wife, dated February 16, 1830. Recorded in Portage county records, book 40, p. 178, and in Geauga county records, November 10, 1830."

A farther agreed statement of facts was also given in evidence, by consent, which shows, that on the 11th day of December, 1826, the lands described in the applicant's petition stood, charged for taxation, on the tax duplicate of Portage county, in the name of Clarissa Baird; and being delinquent for nonpayment of taxes, the whole of said lands were sold in conformity to law, to John Campbell; that a certificate and deed were duly issued and made by the auditor of

said county, pursuant to law, and that this tax title through sundry intermediate conveyances, passed to George Plumb, the present plaintiff.

The applicants also offered in evidence the deposition of Robert Sessions, tending to prove that the conveyance of the lands in question, made to him by the said Clarissa, by deed of quit claim, in 1821 (she being then a widow), was so made to him wholly in trust, to enable him to sell and convey the same for her benefit. That his wife was one of the heirs of Joseph Metcalf; that the witness was, at that time, guardian of another of said heirs, and administrator of the estate of a third one, and having the charge of said several shares of said heirs, the object of said conveyance was to enable him to sell the whole together, if an opportunity should offer; that he paid no consideration for said deed, and received the same under an agreement that he would re-convey the same to the said Clarissa, upon her request, in the event of his failure to sell the same for her benefit. And that, in pursuance of the terms of said trust, he did, in July, 1837, re-convey the said lands to her, without any valuable consideration whatever.

The plaintiff in error objected to the competency of this evidence, so far as the same tends to prove a secret, verbal or unwritten trust, without first showing notice of such trust to the said Plumb, or those under whom he claims title. But the court overruled the objection and admitted said deposition in evidence, to which the plaintiff in error excepted.

The evidence being closed, the plaintiff in error again moved the court to dismiss the petition, for the reason that the applicants had not made such a case as would entitle them to redeem. But the court refused so to do, and held that under the law, and from the evidence, the applicants were entitled to redeem the premises, and made an order of redemption as aforesaid. To all which, exception was taken.

The plaintiff in error claims that the district court erred in affirming this order of the court of common pleas, and that the same should have been reversed for sundry errors in the rulings and action of the court of common pleas:

First, in overruling his motion to dismiss the petition and proceedings in said case.

This motion was predicated on two grounds:

1. That the court had acquired no jurisdiction in the case, because neither the plaintiff in error, nor any other party claiming an interest in the lands sought to be redeemed, had been made a party defendant in the cause.

The proceeding now under review, is governed by the act of March 3, 1831, "for the redemption of lands and town lots sold for taxes," which repealed the act of January 4, 1816, on the same subject, providing only that the latter should control all proceedings pending under it, when the former should take effect. The object of both these statutes was the same, to-wit: to provide a mode by which liens or titles, arising from the sale of lands for delinquent taxes, might, within a limited time, and upon just and equitable terms, be extinguished by any one having such interest in the lands so sold as would give him a right to redeem them. Each of these acts gives to the proceedings under it an adversary character. The act of 1816 allows "the purchaser at tax sale, his heirs or assigns," to offer testimony upon the hearing of the application. The same right is given, by the act of 1831, to "the adverse party." But, when the question is upon the right of the applicant to extinguish the lien or title acquired by a purchase at tax sale, "the adverse party" can be no other than the holder of such lien or title; that is, "the purchaser at tax sale, his heirs or assigns." The act of 1831 is, therefore, no more adversary in its character than was that of 1816. And, notwithstanding this adversary character of the proceedings, they are regarded by each of these acts as being essentially *in rem*. No judgment *in personam* can be rendered, in such proceeding, in favor of the applicant; not even for costs. They must be paid by the applicant, and he can in no event redeem, without refunding to the owner of the tax claim, all the moneys which he has paid, with interest, and a heavy penalty. Regarding the proceeding as *in rem.*, the statute of 1831, as well as that of 1816, requires no one to be named in the petition or applica-

tion as a party defendant, or to be served personally with a summons or other process, but requires only that notice of the intended application shall be given to all persons interested, by publication for six weeks, successively, in some newspaper printed in the county in which the application is to be made, etc. Sec. 3 of the act of 1831, Swan's St. of 1854, p. 938. The notice required by statute having been given in this case, the objection to the jurisdiction of the court was not well taken.

It is claimed, in the next place, that admitting the title to the premises to have been in Mrs. Robinson at the time of the tax sale and since, yet as the right of possession would, during coverture, be in her husband, and as he has lost by his laches the right of redemption, the lands can not be redeemed on behalf of the wife while the coverture subsists. And, in support of this position, counsel rely on the authority of the case of *Lessee of Thompson's heirs* v. *Green,* 4 Ohio St. Rep. 216. That was a case of ejectment, in which the plaintiffs could recover only upon proof of their legal title and right of present possession; and it may be sufficient to say that the present case is of a quite different character. The statutes authorizing the redemption of land sold for taxes, it has been justly said, are equitable in their character, and are to be liberally construed. *Masterson* v. *Beasley,* 3 Ohio Rep. 301.

The applicant is not required to show a legal title in himself; and, as was said in the case last cited, "an equitable title or a naked possession may give a legal right of redemption under the statute, which was not intended to require investigations of title, further than may be necessary to prevent impertinent applications."

There can be no doubt that a mortgagee, even before condition broken, might protect his lien, by redeeming the mortgaged premises, after a sale for taxes; or that a mere reversionary interest or title may be so protected. It is enough, we think, that the applicant shows, in himself, a *bona fide* title of any kind, which might be lost or prejudiced by a failure to redeem the premises.

The petition, in this case, claims that Mrs. Robinson was the owner of the premises at the time of the sale for taxes, and that such ownership has been ever since continued. And the proof leaves no room for doubt upon that subject although the mere legal title was at the time of the tax sale in Robert Sessions. The land stood upon the duplicate, charged with taxes, in her name, and she was its equitable owner. And to deny her the right of redemption, while her coverture subsists, might deprive both her and her heirs of all their interest in the premises, and would certainly enhance the cost of redemption, at a future day.

And the rights incident to her ownership must be protected, although a benefit may thereby accrue to her husband, whose laches deprives him of the right to redeem.

The fact that she is still under the disability of coverture, presents no obstacle to her right to institute this proceeding. " The statute has never been so construed as to prevent a person laboring under disability from suing at any time during disability." Angell on Limitations, 239, sec. 195.

A further question remains—as to the admissibility of the evidence of Robert Sessions, to prove that Mrs. Robinson's quit claim deed of the premises to him, was intended by the parties to be in trust for her own use. The principle is no doubt correct, as claimed by counsel, " that the purchaser from a trustee, *bona fide*, and without notice, of land held under trust, takes it free from the trust." But that principle does not apply to this case. The plaintiff in error did not purchase from Sessions, nor does he derive title through him. The land itself was sold at the tax sale, and not the mere title of some former claimant. And the validity of the purchaser's title depended on no pre-existing titles. If the land was regularly sold, all prior titles were extinguished by that of the purchaser, leaving no outstanding right save that of redemption. *Gwynne* v. *Niswanger*, 20 Ohio Rep. 556.

The holder of a title thus independent of all previous titles, has no right to object to proof of the true character of such previous titles. That is a question which mainly concerns other parties. Had this application to redeem been made

within two years from the time of tax sale, it could have made no difference to the purchaser, whether the witness, Sessions, who held the legal title, or Mrs. Robinson, in whose name the land was listed for taxation, was found to be the equitable owner. He has still no direct interest in that question, except.what arises from the fact that lapse of time has barred the right of Sessions, while the coverture of the present applicant has saved her rights. But no mere lapse of time, which does not preclude her from instituting this proceeding, can affect the competency of the evidence by which those rights may be shown.

We find no error in the judgment of the court of common pleas, and think it was properly affirmed by the district court.

Judgment affirmed.

SUTLIFF, C. J., and PECK, GHOLSON and BRINKERHOFF, JJ., concurred.