## TAX SALE CERTIFICATE INVALID FOR INDEFINITENESS.

Circuit Court of Cuyahoga County.

THE STATE OF OHIO, ON RELATION OF WM. L. WEST, v.
ROBERT C. WRIGHT ET AL.[*]

Decided, November 17, 1908.

*Tax Sale—Mandamus—Holder of Certificate of Tax Sale With Vague Description Can Not Compel Execution of Tax Deed—Mandamus Can Not be Invoked to Control Discretion of County Auditor.*

1. A certificate of tax sale which described the property sold as being "5-12 A. in forks of road" is so indefinite that any deed made therefor would be void for uncertainty and the court will not do a vain thing by ordering the execution of such a deed.
2. Courts will not attempt to control by mandamus, or set at naught the discretion of the county auditor, where, upon an application

[*]Affirmed without opinion, *State ex rel,* v. *Wright,* 84 Ohio State, 448.

of a party claiming an interest in property sold for taxes, he has decided that the party has an interest and allowed him to redeem the property.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

This is a proceeding in mandamus to compel the defendant, Wright, as auditor of Cuyahoga county, to execute and deliver to the relator a deed of land which was purchased by the latter at tax sale, and for which he holds a tax sale certificate. The former owner was a Baptist society which is said to have ceased long ago to exist. A general county organization of the same religious faith is alleged to have interested itself in procuring the redemption of the property from said tax sale, in the name or on behalf of the survivors or successors of the trustees who last held that office in the extinct society. This redemption constitutes the county auditor's reason for refusing the relator's demand for a deed. The relator contends that the redemption is void for want of interest in the proerty on the part of the persons redeeming.

Upon the defendant's motion for judgment on the pleadings in this case, we have come to a conclusion in which we all agree so far as the result is concerned. It is that each of the two objections raised on behalf of the defendant, to granting the relief asked for by the petition, is well taken. One of my brethren agrees with me as to one of the grounds urged, and the other agrees as to the remaining ground. For myself, I am convinced that both grounds are well taken.

Taking them up singly and briefly, the first ground relied on is that the description of the land in the certificate of tax sale is so vague and uncertain, that any deed which we might order the auditor to make, in pursuance of this petition for mandamus, would necessarily be void, and as the court can not undertake to do a vain thing, no writ requiring a worthless deed should issue.

The property is described in this tax certificate as being "5/12 A. in forks of road," etc. This description is no better than that in the case of *Winkler v. Higgins*, 9 O. S., 600, which declares the law to be, as laid down in the first paragraph of the syllabus:

"An auditor's deed upon a sale of lands for delinquent taxes containing only the following description: a 'tract of land in the county of Scioto, to-wit: one-third part of French Grant, lot sixty-six containing seventy-two and a half acres,' and made upon a tax certificate containing only the following description: 'part lot 66, acres 72½' is void for uncertainty."

The deed which we should order to be made, if we were to grant the prayer of this petition, would upon the authority of this decision of our Supreme Court, necessarily be void, and the granting of the relief prayed for would amount to self-stultification on the part of the court. *State* v. *Burg,* 19 O. S., 316; *State* v. *McGregor,* 44 O. S., 628.

It is not a question whether the defendant has a right to raise the defense he has sought to raise.. The plaintiff must recover, if at all, upon the strength of his own petition and not upon the weakness of any defense which may be interposed to it. And whether or not it be true that the auditor is in no situation himself to allege the insufficiency of the description contained in his certificate, it is certainly true that if the relator has alleged a description which is insufficient to give him a valid deed, in case the relief prayed for in his petition be granted, the court can not grant him that relief, for, in so doing, it would do a vain thing.

Upon the other question, whether mandamus will lie at all, we are of the opinion that an effort is made in this petition, to direct the judgment and control the discretion of the auditor in respect of the action which he has already taken, in cancelling the tax sale and in allowing a redemption.

It is undoubtedly true, under the statutes and decisions in this state, that a person not having an interest of any sort in the land which he seeks to redeem has no right to redeem it from a tax sale. It is therefore incumbent upon the auditor, when an attempt is made to redeem property, to determine whether the applicant has any interest in it. Of course it is not necessary that the applicant shall be the full legal owner; he may be the equitable owner, part owner, or he may have an interest merely by way of lien, reversion, or the like (*Plumb* v. *Robinson,* 13 O. S., 298). But whatever it be, he must have some interest, in

order to make successful application to the auditor for redemption. *McMillin* v. *Robbins,* 5 O., 28.

Such application in this case has been passed upon. The determination of the question whether or not the applicant had such interest as entitled him to present his application was devolved by law upon the auditor, and he found that the requisite interest existed.

In this proceeding we are asked to ignore the very right, discretion and duty, vested in the auditor, of cancelling the tax sale upon proper application therefor, and to treat his finding in regard to the redemption as of no account and invalid. The auditor undoubtedly has jurisdiction to entertain an application of that sort and to pass upon it, as he has passed upon it in this instance; and, by mandamus, his judgment in that regard can not now be reviewed. We can not in this proceeding treat it as void, nor can we consider evidence to show that the action of the auditor was ill advised. The effect of such action upon our part would be not only to control and direct his judgment and discretion, but to disregard and nullify the same when already exercised and executed

The statutes authorizing the redemption of land sold for taxes are equitable in their character, and are to be liberally construed (*Masterson* v. *Beasley,* 3 Ohio, 301). While the equity of redemption exists, the purchaser at tax sale is vested with no title to the property, but only to the lien of the state for taxes, or in other words to security for the return of his outlay, with interest, and penalty (*State* v. *Godfrey,* 62 O. S., 18, 22). If as in this case such return is made, or made available to him, a redemption, however irregular in other respects, is no invasion of his rights and creates no right of action in his favor by mandamus or otherwise.

Hence we hold that mandamus does not lie under the circumstances of this case and the petition will therefore be dismissed.