Bell, J.
The plaintiffs, appellants herein, have posed three questions dealing primarily with the effect of the recording statute, Section 5301.25, Revised Code (Section 8543, General Code), on the situation here presented. Our view of the problem involved, however, limits our consideration to the question suggested by the defendant, as follows:
“Does the purchaser of real property at a county auditor’s tax forfeiture sale, who, prior to the trial of an action to quiet title to the property, has secured an auditor’s deed to the property in question, and has caused said deed to be duly recorded by the county recorder, have a right to a decree in equity quieting his title against the claim of one claiming as the grantee of the heirs of a taxpayer whose title had been forfeited to the state of Ohio, particularly when no person claiming through and under the former owner had ever attempted to redeem title to the property?”
The rights of the plaintiffs herein arose solely by virtue of the quitclaim deeds from the Vondra heirs. And they acquired through such deeds only that which the Vondra heirs had to convey. 5 Thompson on Real Property, 769, Section 2812; Bird v. Stimson, 197 Mich., 582, 164 N. W., 438. See Holly v. New York Central Rd. Co., 35 Ohio App., 1, 171 N. E., 367, and Lewis v. Akerberg, 100 Ohio App., 209, 219, 136 N. E. (2d), 372.
Section 5721.01 et seq., Revised Code (Section 5704 et seq., General Code), outline the procedure to be followed in the forfeiture of land to the state to satisfy a lien for delinquent taxes. That procedure was followed, according to the stipulation entered into by the parties, and no claim is made here of any impropriety therein.
The rights of a former owner, following an order of forfeiture, and of those claiming under him stem from Section 5723.03, Revised Code, which reads as follows:
“If the former owner of a tract of land or town lot, which has been forfeited, at any time before the state has disposed of such land or lot, pays into the treasury of the county in which such land or lot is situated, all the taxes, assessments, penalties, and interest due thereon at the time of such payment, the state shall relinquish to such former owner all claim to such land or *44 lot. The county auditor shall then re-enter such land or lot on his tax list, under the name of the proper owner.”
Even prior to the provisions of our statute for forfeiture and sale by the state, the right of redemption had been generally acknowledged and liberally interpreted. Masterson v. Beasley, 3 Ohio, 301. Since the enactment of the forfeiture and sale provision in 1859 (56 Ohio Laws, 212, Section 99 et seq.) the same liberality of construction has been followed. Plumb v. Robinson, 13 Ohio St., 298, 304.
It is conceded that at no time since their purchase of sublot 62 have the plaintiffs made any tender of the taxes, assessments, penalties and interest necessary to accomplish a redemption of the property under Section 5723.03, Revised Code. Any such tender prior to the time an effective conveyance was made by the county auditor to the defendant would have accomplished a redemption of the property and resulted in a consequent relinquishment by the state of all its claim to the property. Kinney v. Hoffman, Treas., 151 Ohio St., 517, 86 N. E. (2d), 774.
Even if we concede, although we do not find it necessary to so decide, that the deed which incorrectly described the lot purchased at the foreclosure sale by defendant did not effectively convey this property to the defendant, an effective conveyance was made when the auditor executed and delivered a corrected deed on October 7,1954. Having failed to avail themselves of the remedies available to them under Section 5723.03, Revised Code, prior to the execution and delivery of such corrected deed, the plaintiffs can not now be heard to contend that defendant did not get a good and perfect title from the state. Kahle v. Nisley, 74 Ohio St., 328, 78 N. E., 526.
The judgment of the Court of Appeals is, therefore, affirmed.

Judgment affirmed.

Zimmerman, Taet, Matthias, Herbert and Peck, JJ., concur.