Matthias, J.
 

 A single question of law is presented. After property has been forfeited to the state of Ohio, may the former owner redeem such property under the provisions of the so-called Whittemore Act, of which Section 2672-3, General Code, is a part? That section accords the privilege of paying delinquent taxes in ten annual installments.
 

 The relatrix contends that the Whittemore Act is applicable even subsequent to forfeiture of lands for nonpayment of taxes, and that the right to take advantage of the provisions of Section 2672-3, General Code, exists until the sale of the property. This claim is based upon the theory that even after the lands are forfeited to the state the former owner has the equitable title and right of possession until such time as the same have been divested by sale thereof by the state or until the redemption thereof by the owner of the property.
 

 
 *133
 
 The respondents’ contention is that after lands are forfeited to the state, they may be redeemed by the former owner only under and pursuant to the provisions of Section 5746, General Code, and upon compliance with the provisions thereof. That section provides as follows:
 

 “If the former owner of a tract of land or town lot, which has been so forfeited, at any time before the state has disposed of such land, or lot, shall pay into the treasury of the county in which such land or lot is situated, all the taxes, assessments, penalties and interest due thereon at the time of such payment, the state shall relinquish to such former owner or owners, all claim to such land or lot. The county auditor shall then re-enter such land or lot on his tax list, with the name of the proper owner.”
 

 Relatrix argues that Section 2672-3, General Code, must be read in connection with Section 5746, General Code, which would result in giving the taxpayer the right to elect whether he will enter into an undertaking to pay taxes in installments under Section 2672-3, General Code, or pay into the treasury the full amount of the taxes due at the time of payment as required by Section 5746, General Code.
 

 Eelatrix insists that the Whittemore Act has application to all lands registered delinquent, without distinction between lands which are foreclosed for taxes and those lands of lesser value which are subject to forfeiture to the state under Section 5718
 
 et seq.,
 
 General Code.
 

 Section 2672-3, General Code, provides as follows:
 

 “Any such person being the owner of such real property [upon which taxes have become delinquent] or the holder of a lien thereon may at such times, in lieu of making a tender as authorized by Section 2 [G. C. Section 2672-2] of this act, enter into a written undertaking in such form as shall be prescribed by the
 
 *134
 
 Bureau of Inspection and Supervision of Public Offices, to pay tbe full principal amount of such taxes and assessments, so delinquent, less penalties, interest and other charges for the year 1936 and prior thereto, and plus penalties, interest and other charges for the year 1937 and years subsequent thereto, in ten annual installments payable at the time prescribed by law for the payment of the second half of current real property taxes and assessments, with interest at the rate of four per centum per annum, payable annually, from the date of the written undertaking. The first installment shall be due and payable upon entering into such undertaking and shall be collected by the treasurer, who shall give a certificate therefor to the county auditor. Upon receipt of such certificate the county auditor shall note on the tax list and duplicate, and on the delinquent tax list, in such manner as the bureau may prescribe, the fact that such undertaking has been entered into; and thereafter, so long as such undertaking shall continue to be performed, the lands against which said delinquent taxes or assessments, penalties, interest and other charges are charged, shall not be entered on the foreclosure list, and shall not be published as provided in Section 5704 of the General Code as part of the list of delinquent lands, anything in the statutes of this state to the contrary notwithstanding. ’ ’
 

 It is to be noted that such section applies to “any such person being the owner of such real property, ’ ’ and provides that he may avail himself of the privilege of entering into a written undertaking to pay the taxes in installments. It is a prerequisite that title shall be in the person entering into the undertaking as owner thereof, and so long as the relatrix was the owner of the sublots in controversy she had an undoubted right to enter into a contract as provided in Section 2672-3, General Code.
 

 Sections 2672-3 and 5746, General Code, are not
 
 *135
 

 in pari materia
 
 as contended by counsel for relatrix. Each is applicable to and operative under definite specified conditions. The former was originally enacted to meet a well known emergency situation in which it was imperative that relief be afforded property owners by providing a means of installment payment of taxes which had become delinquent. Accordingly, very great leniency in the matter of delinquency in taxpaying was provided by the Whitttemore Act, but surely it was not contemplated that after such delinquency had continued for such an extended period as to necessitate a forfeiture of the land to the state a further extension could be procured by merely paying the current taxes plus one-tenth of the delinquent taxes and then, upon default, repeat and continue the process indefinitely.
 

 It seems evident that it was not contemplated that the provisions of Section 2672-3, General Code, should have any application to lands which had been forfeited to the state, for that would result in the nullification of the provisions of Section 5746, General Code.
 

 The relatrix, by reason of the forfeiture of her lands to the state, had become a “former owner” and is so denominated by the provisions of Section 5746, General Code, which clearly prescribes how such ‘ ‘ former owner” may redeem the property, which is by paying “into the treasury of the county * * * all the taxes, assessments, penalties and interest due thereon at the time of such payment.” It follows that subsequent to forfeiture of the lands to the state for nonpayment of taxes redemption thereof may be accomplished only by compliance with the provisions of Section 5746, General Code.
 

 By the amendment of that section, effective August 11, 1943, the requirements relative to the redemption of forfeited lands were not reduced or modified. On the contrary they were increased for, whereas previously redemption could be accomplished by the pay
 
 *136
 
 ment of taxes, assessments, penalties and interest
 
 “due at the time
 
 of such forfeiture,” the statute as amended required the payment of “taxes, assessments, penalties and interest
 
 due thereon at the time of such
 
 payment.” (Emphasis supplied.)
 

 In view of the specific condition thus prescribed as a prerequisite to the redemption of forfeited lands it is difficult to understand how there can be an implication of an option to pay the full amount due or only current taxes and one-tenth of the delinquent taxes and the balance over a period of nine years.
 

 Relative to the contention that there is a discrimination between a taxpayer whose lands are forfeited to the state and one upon whose lands a tax lien is foreclosed, attention is directed to the fact that the Whittemore Act does not in any way discriminate between the
 
 owners
 
 of such property. At the time the tax lien is foreclosed and a deed executed and delivered to the purchaser of such property, just as when upon the completion of the forfeiture of lands and the vesting of title in the state, the
 
 “former
 
 owner” is no longer an
 
 owner
 
 within the meaning of the Whittemore Act. The General Assembly has seen fit to grant an additional right to the “former owners” of forfeited lands which the state has not yet disposed of. This does not result in any discrimination between “owners” whose lands are delinquent. Whether any additional rights are to be granted them is a matter for legislative consideration.
 

 For the reasons hereinabove stated the judgment of the Court of Appeals is reversed, the writ of mandamus prayed for is denied and the petition is dismissed.
 

 Judgment reversed.
 

 Weygandt, C. J., Zimmerman, Stewart, Taft and Hart, JJ., concur.