Stewart, J.
The sole question involved in this case is whether real property which has been forfeited to the state may be redeemed by payment of a sum equal to 100 per cent of the principal sum of the delinquent taxes and assessments, less penalties, interest, and other charges for and prior to 1936, and plus penalties, interest, and other charges for 1937 and all years subsequent to such year, or must such redeemer pay all the delinquent taxes and assessments, plus the penalties and interest thereon, which have accrued since the time of the first delinquency.
The answer to the question involves the interpretation of Section 5746, General Code (Section 5723.03, Revised Code), and Section 2672-2, General Code (Section 323.42, Revised Code), a part of the so-called Whittemore Act.
Section 5746, General Code (Section 5723.03, Revised Code), is the legislative enactment under which property forfeited to the state for nonpayment of taxes can be redeemed. It provides in part as follows:
“If the former owner of a tract of land or town lot, which has been so forfeited, at any time before the state has disposed of such land, or lot, shall pay into the treasury of the county in which such land or lot is situated, all the taxes, assessments, penalties and interest due thereon at the time of such payment, the state shall relinquish to such former owner or owners, all claim to such land or lot.”
It was said as follows by this court in the case of Monroe v. Zangerle, Aud., 155 Ohio St., 129, 97 N. E. (2d), 679:
“The specific requirements prescribed by Section 5746, General Code, are conditions precedent to the redemption of lands forfeited to the state for taxes. Neither the county auditor nor county treasurer has any duty of authority, with respect to the redemption of such property, to accept less than the full amount *498 required by the provisions of Section 5746, General Code.”
The Monroe case involved the construction of Section 2672-3, General Code (Section 323.43, Revised Code), which provides in part:
‘ ‘ Any person * * * who is the owner of real property or the holder of a lien on such property, may * * * enter into a written undertaking * * * to pay the full principal amount of such delinquent taxes and assessments, less penalties, interest, and other charges for the year 1936 and prior thereto * * * in ten annual installments * * *.”
It was held in the Monroe case that, since a redeemer of forfeited real property was not the owner thereof, the title being in the state, he could not take advantage of the 10-installment payment in redeeming the forfeited property but must pay the full amount due, as provided in Section 5746, General Code (Section 5723.03, Revised Code). However, in the Monroe case the court did not decide the question as to what constituted the amount due, as provided in such section.
Section 2672-2, General Code (Section 323.42, Revised Code), provides in part:
“If such person tenders to the county treasurer a sum equal to one hundred per centum of the principal sum of such taxes and assessments, so delinquent, less penalties, interest and other charges for the year 1936 and prior thereto, and plus penalties, interest and other charges for the year 1937 and all years subsequent thereto, the county treasurer shall accept and receive such amount in full payment of all such taxes, assessments, penalties, interest and other charges.”
The persons referred to in Section 2672-2, General Code (Section 323.42, Revised Code), are enumerated in Section 2672-1, General Code (Section 323.41, Revised Code), as “any person, firm or corporation *499 charged with or legally authorized or required by law or decree of court to pay real property taxes and assessments. ’ ’
It will be noted that, differing from the section providing for the payment of delinquent taxes in 10 annual installments, Section 2672-2, General Code (Section 323.42, Revised Code), providing for the redemption of forfeited lands, makes no mention that the person redeeming must be the owner of the real property. Such nonowner, as in the case of the relator, may not redeem by arranging for 10 annual installments, as held in the Monroe case, supra, but he may redeem by paying into the treasury of the county in which the land is situated all the taxes, assessments, penalties, and interest due thereon at the time of such payment, as provided in Section 5746, General Code (Section 5723.03, Revised Code), and the amount of such taxes, assessments, penalties, and interest due is definitely and specifically fixed by Section 2672-2, General Code (Section 323.42, Revised Code), to be a sum equal to 100 per cent of the principal sum of the delinquent taxes and assessments, less penalties, interest, and other charges for and prior to 1936, and plus penalties, interest, and other charges for 1937 and all years subsequent to such year.
The Monroe case simply decided that the delinquencies can not be paid in 10 annual installments because the redeemer is not the owner, as required in Section 2672-3, General Code (Section 323.43, Revised Code).
In the case of Kinney v. Hoffman, Treas., 151 Ohio St., 517, 86 N. E. (2d), 774, this court considered the question as to when forfeited property is disposed of, that being the deadline for the right of redemption. We held that “such premises are not ‘disposed of’ within the purview of Section 5746, General Code, until the county auditor executes and delivers his deed therefor.”
*500 The facts in the Kinney case were that property of Kinney and his wife was forfeited to the state because of nonpayment of taxes and was sold at the annual sale of forfeited lands, Kinney bidding in the property for $4,360 and delivering his check for $4,361.85, the total of his bid plus the cost of transfer and an auditor’s deed.
At the time of the sale, Kinney did not know that he and his wife were entitled to redeem the premises for the sum of $3,881.01, which was less than the amounts of delinquent taxes and assessments, with interest and penalties, as shown by the auditor’s record. Thereafter, Kinney gave to Hoffman, the county treasurer, a check in the sum of $3,882.51, which included $1.50 for redemption fees, and requested a refund of the sum of $4,361.85 previously paid. Hoffman refused the request but offered to execute and deliver to Kinney an auditor’s deed for the property, which Kinney refused. Subsequently, Hoffman refunded to Kinney the $3,881.01 and applied the sum of $4,361.85 previously paid, after deducting the costs of the sale and transfer fees, to the payment of the delinquent taxes and assessments against the lots.
Kinney sued for $441.54, which was the difference between the amount paid at the sale and the sum for which the lots could have been redeemed.
This court held that a former owner of real estate has the right to redeem until a deed has actually been delivered to one who has purchased the real estate at the forfeiture sale, and that, therefore, Kinney was entitled to judgment for the amount he claimed.
Although the question before us was not determined in the Kinney case, it seemed to be assumed that the lump sum amount required to redeem forfeited property, which must be paid in accordance with Section 5746, General Code (Section 5723.03, Revised Code), *501 is to be determined by the provisions of Section 2672-2, General Code (Section 323.42, Revised Code).
It is argued that the so-called Whittemore Act was enacted as a temporary relief measure for those who were in distress during the depression of the 1930’s and that it was not supposed to become a permanent part of our law. Be that as it may, it has been on the statute books for 19 years and its enactments are just as binding as any other statutory provision.
We conclude that the redemption of property forfeited to the state for nonpayment of taxes and assessments must be redeemed in accordance with Section 5746, Genera] Code (Section 5723.03, Revised Code), but that the amount due as provided in that section is defined in specific terms in Section 2672-2, General Code (Section 323.42, Revised Code).
It follows that the writ must be allowed as prayed for in relator’s petition.

Writ allowed.

Middleton, Taft, Hart and Lamneck, JJ., concur.