Matthias, J.
 

 The question of law presented to this court by the demurrer to the petition involves the determination of the time within which the former owner of a tract of land or lot, which has been forfeited to the state for nonpayment of taxes, may redeem such premises by the payment of the taxes, assessments, penalties and interest due thereon.
 

 The right to so redeem is provided in Section 5746, General Code, which reads as follows:
 

 “If the former owner of a tract of land or town Lot, which has been so forfeited, at any time before the state has disposed of such land, or lot, shall pay into the treasury of the county in which such land or lot is situated, all the taxes, assessments, penalties and interest due thereon at the time of such payment, the state shall relinquish to such former owner or owners, all claim to such land or lot. The county auditor shall then re-enter such land or lot on his tax list, with the name of the proper owner.”
 

 More particularly, the demurrer presents the question as to the proper meaning and effect of the words, “has disposed of such land, or lot,” as found in Section 5746, General Code. The attempted redemption by the owners occurred after the lots had been offered at public sale and, following competitive bidding, sold to the. plaintiffs and a certificate of such sale issued,
 
 *520
 
 but before tbe county auditor had executed and delivered his deed therefor.
 

 The plaintiffs contend that there is a substantial difference between the “sale” of the lots in question and the “disposal” thereof by the state. The defendant urges that the term “sold” and the term “disposed of” are identical in meaning and hence when the lots in question were awarded to the plaintiffs at the public sale they were thereby disposed of.
 

 The sale of forfeited lands is governed by Sections 5750 to 5773, inclusive, General Code, and throughout these sections the words “sold” and “sale” are used both in a narrow sense and as connoting an entire transaction. The procedure followed under these sections, however, is not new. Similar statutes have been in effect in Ohio since 1859 (56 Ohio Laws, 212, Sections 99
 
 et seq.).
 
 During all that time liberal rights of redemption have been accorded to delinquent taxpayers. Section 2907, Revised Statutes, as originally passed in 56 Ohio Laws, 213, Section 103, granted to-such delinquent taxpayers the right to redeem “at any time within six months from the sale thereof.” That provision, which in 1910 became Section 5756, General Code, was repealed June 24, 1931 (114 Ohio Laws, 825). It is urged that under those provisions no deed could be given until six months after the “sale.” An examination of those sections, however, discloses that while there was a prohibition against giving a deed until two years had elapsed after the sale of lands for delinquent taxes upon foreclosure (Section 2874, Revised Statutes; Section 5717, General Code), no-such prohibition specially precluded the county auditor from immediately executing a deed for the forfeited lands.. This distinction is indicated in the opinion in the case of
 
 State, ex rel. U. S. Mortgage & Trust Co.,
 
 v.
 
 Godfrey, Aud.,
 
 62 Ohio St., 18, 56 N. E., 482.
 

 Neither party claims that the right, title and interest
 
 *521
 
 ■of the former owner is vested in the purchaser by the issuance of a certificate of sale. Both concede that under Section 5762, General Code, upon the production of the certificate and the payment of the fee, the auditor is required to issue a deed “which deed shall be prima facie evidence of title in the purchaser, his heirs, or assigns.”
 

 It is well settled in this state that the law providing for the redemption of land sold for taxes is ■equitable in character and should receive a liberal interpretation.
 
 Masterson
 
 v.
 
 Beasley,
 
 3 Ohio, 301;
 
 Plumb
 
 v.
 
 Robinson et al.,
 
 13 Ohio St., 298, 304.
 

 Under long established procedure, certificates of sale are first issued and thereafter a deed is executed by the county auditor. The terms “sold” and “disposed of” therefore refer to two separate and distinct acts; the first being the sale and issuance of a •certificate and the latter the execution of the deed of •conveyance.
 

 Under the provisions of Section 5746, General Code, the right to redeem extends until the state “has disposed of such land,” no mention being made therein •of the sale. All the other sections relating to the sale ■of such forfeited lands provide preliminary steps essential to the final disposition of the lots and use the words “sold” or “sale.” As most generally defined the expression “dispose of” as used in the connection it is here signifies — alienate, transfer, relinquish, part with. See 12 Words and Phrases.
 

 For the reasons stated the judgment of the Court ■of Appeals, affirming the judgment of the Court of Common Pleas, wherein the demurrer to the petition was sustained, was erroneous and the same is hereby reversed, and the case is remanded to the Court of Common Pleas for further proceedings in accordance with this opinion.
 

 Judgment reversed. ,
 

 
 *522
 
 Weygandt, C. J., Hart, Zimmerman, Stewart and Taet, JJ., concur.
 

 Turner, J., dissents.