WAYNE SAVINGS & LOAN COMPANY *v.* YOUNG ET AL., APPELLEES; FAIR FINANCIAL SERVICES OF MEDINA, APPELLANT.

(No. 1407—Decided February 11, 1976.)

*Mr. Thomas J. Coleman,* for appellee.
*Mr. S. John Nostwich,* for Fair Financial Services.
*Mr. Lincoln Oviatt,* for Erwin L. Smith.
*Mr. David Friedman,* for Centran Bank.

MAHONEY, J.  This is an appeal from a judgment of the Court of Common Pleas in a foreclosure action denying a junior lienholder's motion to set aside a sale because an alleged unforeseen occurrence prevented the junior lienholder from arriving at the sale in time to bid.  The court

also rejected the junior lienholder's attempts after the sale to exercise a right of redemption, either as a lienholder or as assignee of the "debtor." We affirm the judgment of the trial court.

The defendant, Fair Financial Services of Medina, Inc., the appellant, was the third lienholder, after taxes and costs, of premises owned by Frank E. and Joan L. Young. There was also a prior judgment lien to the Centran Bank and a first mortgage to the plaintiff, Wayne Savings and Loan Company. After default, a foreclosure was ordered and a sale was scheduled for July 2, 1975. One of Fair's officers arrived at the sale five minutes late because of an alleged unforeseen traffic tie-up. The intervening defendant, Erwin L. Smith, was the purchaser for $7,950. That price was above the minimum but was only sufficient to satisfy the first mortgage, taxes, and costs and left $9.06 to apply on the approximately $5,000 indebtedness to the second and third lienholders. Fair then obtained a warranty deed from the Youngs in exchange for a covenant not to pursue a deficiency judgment and arranged to purchase Centran's prior judgment lien and obtain an assignment. All of this was prior to the order confirming the sale.

Appellant assigns as error: (1) the refusal of the court to set aside the sale in the interests of justice; and (2) the issuance of an order confirming sale because the property had been redeemed from sale (by Fair) prior to confirmation.

We do not find the court abused its discretion in refusing to set aside the sale because Fair lost its opportunity to bid, due to alleged unforeseen traffic conditions. 37 Ohio Jurisprudence 2d 625, Mortgages, Section 429.

The issue raised by Assignment of Error No. 2 is the interpretation to be placed on R. C. 2329.33, which provides:

"In sales of real estate on execution or order of sale, at any time before the confirmation thereof, the debtor may redeem it from sale by depositing in the hands of the clerk of the court of common pleas * * * the amount of the judgment or decree * * *. This section does not take away the

power of the court to set aside such sale for any reason for which it might have been set aside prior to April 16, 1888."

We hold that R. C. 2329.33 does not change the common law rights which existed prior to its enactment. At common law, the equity of redemption of the owner and junior lienholders made a party to the proceedings expired with the decree of foreclosure and sale. 55 American Jurisprudence 2d 754, Mortgages, Section 864. Prior to a decree of foreclosure, the equity of redemption is a specie of alienable property. The effect of the statute was to create a new right in the debtor. This creation was a personal privilege and not a property right. It is not transferable and is limited by its terms. See, e. g., Higgs v. McDuffie (1916), 81 Ore. 256, 158 P. 953; Powers v. Andrews (1888), 84 Ala. 289, 4 So. 263. See also, 55 American Jurisprudence 2d, supra.

Our holding is contrary to the case of Hoyd v. Citizens Bank of Albany Company (C. A. 6, 1937), 89 F. 2d 105. The Hoyd case held that a statute similar to R. C. 2329.33 merely extended all of the common law rights of the debtor-owner. Under this theory, Fair could acquire the debtor's right and redeem the property. The decision in the Hoyd case was predicated upon dicta in the case of Sun Fire Office v. Clark (1895), 53 Ohio St. 414.

However, the issue in the Sun case was whether an insurance policy was invalidated by the execution of a mortgage on the insured property where the policy provided that it become void upon any change in title, interest, or possession of the property. Our Supreme Court correctly held that a deed absolute on its face was a mortgage when given to secure an obligation of the debtor. The court went on to remark that "* * * the mortgagor remains the equitable owner until the property is sold * * *." (Page 424) That remark was gratuitous dicta and not dispositive of the case. The United States Sixth Circuit Court of Appeals concluded from that remark that a separate statutory right of redemption did not exist in Ohio. We hold to the contrary.

Applying our holding to the facts before us, we find that only a mortgagor can be a debtor under the statute. Any redemption by the debtor after foreclosure would be pursuant to the statutory right. The mortgagors had no transferable interest in the property because their common law equity of redemption was foreclosed. Therefore, Fair acquired no rights from the owners by the deed, as the Youngs had nothing to sell.

Accordingly, we overrule both assignments of error and affirm the judgment of the trial court.

*Judgment affirmed.*

VICTOR, P. J., concurs.

BRENNEMAN, J., not participating.