TOLEDO TRUST COMPANY *v.*
YAKUMITHIS ENTERPRISES, INC.;
LUTTRELL AUTO SUPPLY, APPELLEE;
SGH INVESTMENTS, APPELLANT.

(No. L-86-216—Decided February 27, 1987.)

Gregory Van Gunten, for appellee.
Mark Newton, for appellant.

HANDWORK, P.J. This is an appeal from the Lucas County Court of Common Pleas. The parties to this appeal are appellant SGH Investments (hereinafter "appellant") and appellee Luttrell Auto Supply (hereinafter "appellee").

The facts underlying this appeal are as follows. Yakumithis Enterprises, Inc. (hereinafter "Yakumithis") was the mortgagor of a parcel of real property. When Yakumithis defaulted on the promissory note securing the mortgage, Toledo Trust Co., the mortgagee, filed a complaint in foreclosure against Yakumithis. Toledo Trust Co. also filed suit against appellee, who held an easement on the property in question. Toledo Trust Co. and Yakumithis are not parties to this appeal.

Yakumithis failed to answer Toledo Trust's complaint, and the trial court entered a default judgment against Yakumithis. The trial court then ordered the sheriff to hold a foreclosure sale. Appellant purchased the property at the sale. Subsequently, Yakumithis' attorney deposited sufficient funds with the sheriff to redeem the property, and filed a motion to set aside the sale before the trial court had confirmed it. See R.C. 2329.33. Thereupon, the trial court granted Yakumithis' motion.

Appellant then filed a motion, objecting to the trial court's order setting aside the sale. The trial court held a hearing on May 22, 1986. Appellant argued that appellee acted in contravention of R.C. 2329.33 on the ground that appellee was not the judgment debtor, but nonetheless had redeemed the property. Appellant argued that Yakumithis, the judgment debtor, was the only party who had a right of redemption pursuant to R.C. 2329.33. The trial court, however, found that Yakumithis had satisfied the requirements of R.C. 2329.33, and denied appellant's motion objecting to the setting aside of the sale. The trial court ordered the sheriff to return appellant's deposit, with interest, to it. Appellant then appealed to this court.

Appellant has raised a single assignment of error on appeal.

"The trial court abused its discretion and erred in overruling appellant's motion objecting to the court's order granting appellee's motion vacating the sheriff's sale and allowing a redemption by one other than the debtor, in contravention of R.C. 2329.33."

Appellant argues that the record establishes that appellee, i.e., someone other than the judgment debtor, redeemed the property that appellant had purchased at the foreclosure sale. We note that the record does establish that the check depositing the funds with the sheriff bore appellee's name and that the sheriff issued a receipt to appellee. Appellant argues that the check and receipt provide the only evidence as to who redeemed the property, and compel the conclusion that appellee redeemed it.

The question presented for our review is whether appellee redeemed the property. For the following reasons, we hold that appellee did not redeem the property within the meaning of R.C. 2329.33.

R.C. 2329.33 sets forth the procedures by which a judgment debtor may redeem its property, after sale but before confirmation thereof:

"In sales of real estate on execution or order of sale, at any time before the confirmation thereof, the debtor may redeem it from sale by depositing

in the hands of the clerk of the court of common pleas to which such execution or order is returnable, the amount of the judgment or decree upon which such lands were sold, with all costs, including poundage, and interest at the rate of eight per cent per annum on the purchase money from the day of sale to the time of such deposit * * *. The court of common pleas thereupon shall make an order setting aside such sale, and apply the deposit to the payment of such judgment or decree and costs, and award such interest to the purchaser, who shall receive from the officer making the sale the purchase money paid by him, and the interest from the clerk. * * *"

The meaning of the word "redeem" is at the heart of this appeal. We find that "to redeem" is "[t]o buy back; * * * to get back; * * * to recover, * * * [;] * * * or to regain, as mortgaged property, by payment of what may be due according to the terms of the mortgage." Webster's New Universal Unabridged Dictionary (2 Ed. 1983) 1512. The word "redeem" is also frequently used to mean "repurchase." See, *e.g., Browder* v. *Mut. Tool & Die, Inc.* (C.P. 1970), 25 Ohio Misc. 206, 210, 54 O.O. 2d 241, 243, 263 N.E. 2d 785, 787.

In the case *sub judice,* Yakumithis' attorney deposited a check bearing appellee's name and was handed a receipt issued to appellee. The conceded fact that Yakumithis' attorney deposited appellee's check does not require the conclusion that appellee redeemed the property. This is for the reason that appellee did not receive title to the property when its check was deposited. Appellant argues, however, that this court should hold that appellee's act of providing the funds that were used by Yakumithis to redeem its property means that appellee in fact "redeemed" the property. We find that the word "redeem" is not so broad as to encompass appellee's act of financing Yakumithis' redemption of its own property. Such an interpretation of the word "redeem" would be unreasonable, because it would unduly restrict Yakumithis' right to redeem its property. The word "redeem" should be liberally interpreted in Yakumithis' favor so that Yakumithis' redemption of its property may be facilitated. See *Kinney* v. *Hoffman* (1949), 151 Ohio St. 517, 39 O.O. 328, 86 N.E. 2d 774, paragraph one of the syllabus; *Masterson* v. *Beasley* (1828), 3 Ohio 301, 302.

In our opinion, the only way that appellee could be held to have redeemed the property within the meaning of R.C. 2329.33 would be if appellee had received title to the property in exchange for depositing its check with the sheriff. We hold that R.C. 2329.33 prohibits a third party, such as appellee, from receiving title to property sold at a foreclosure sale in exchange for depositing funds with the sheriff for the redemption thereof. Since title did not pass to appellee upon deposit, we hold that appellee did not contravene the requirement that only Yakumithis could redeem the property under R.C. 2329.33.

We find that our conclusion is in accordance with the decisions of other courts of appeals. For example, in *Huntington Natl. Bank* v. *Euclid Theatre Co.* (Aug. 15, 1986), Lake App. No. 11-156, unreported, the mortgagor/debtor's property was sold at a foreclosure sale. Before the trial court confirmed the sale, the debtor entered into a "contingent sales contract" for the sale of the property to a third party. The third party deposited the funds with an escrow agent, who then deposited the funds with the clerk of courts in the debtor's name for the purpose of enabling the debtor to redeem the property. The debtor moved the trial court to set aside the

sale, and the court granted its motion. When the trial court set aside the sale, the contingency in the "contingent sales contract" was satisfied, and the third party obtained title to the property. The purchaser appealed.

The court of appeals held that the trial court had properly granted the debtor's motion to set aside the sale. The *Huntington Natl. Bank* court held at 4 that the debtor had "* * * invoked its statutory right to redeem subject property under an agreement to then sell such property to [the third party]. * * *" The court further held at 3-4 that the debtor's dealings with the third party "* * * did not [constitute a] transfer [of] its statutory right of redemption to [the third party]. * * *"

The cases of *Citicorp Person-to-Person Financial Ctr.* v. *Vieland* (Jan. 9, 1985), Summit App. Nos. 11758 & 11800, unreported, and *Malone College* v. *Stocker* (Apr. 16, 1984), Stark App. No. CA 6294, unreported, are in accord with *Huntington Natl. Bank* v. *Euclid Theatre Co., supra.* In each of these three cases, the courts of appeals distinguished their decisions from the decision rendered in *Wayne Savings & Loan Co.* v. *Young* (1976), 49 Ohio App. 2d 35, 3 O.O. 3d 107, 358 N.E. 2d 1380. Appellant has referred the *Young* case to our attention for the proposition that only a debtor can redeem property pursuant to R.C. 2329.33. We agree that the *Young* case stands for that proposition and that that proposition is a correct interpretation of R.C. 2329.33. But, we fail to see how that proposition supports appellant's argument in the case *sub judice.*

In *Young,* the lienholder obtained a warranty deed from the debtors in exchange for its promise not to pursue a deficiency judgment against them after their property had been sold at a foreclosure sale. Thereupon, the lienholder itself moved the trial court to set aside the sale and sought to personally exercise the right to redeem the property. The *Young* court, however, held that the debtors did not have the right to transfer title to their property and that the lienholder could not acquire title from them. *Id.* at 38, 3 O.O. 3d at 109, 358 N.E. 2d at 1382.

We find that the *Young* case is distinguishable from the case *sub judice.* In this regard, we note that the trial court addressed appellant's attorney at the May 22, 1986 hearing, as follows:

"I agree with the point that is made that if there was an attempt here to place the title [to the property purchased by appellant] in somebody else's name than the mortgagor, the debtor, there would be absolutely no question that your motion [objecting to the setting aside of the foreclosure sale] would be well taken. * * *"

We hold that the trial court did not abuse its discretion by denying appellant's motion to vacate the judgment entry setting aside the foreclosure sale. See *Blakemore* v. *Blakemore* (1983), 5 Ohio St. 3d 217, 219, 5 OBR 481, 482, 450 N.E. 2d 1140, 1142. In fact, once the trial court found that Yakumithis had satisfied the requirements of R.C. 2329.33, the court was obliged to set aside appellant's purchase of the property. "* * * The court of common pleas thereupon *shall* make an order setting aside such sale * * *." (Emphasis added.) R.C. 2329.33. We construe the word "shall" in R.C. 2329.33 as mandatory. See, generally, *Dorrian* v. *Scioto Conserv. Dist.* (1971), 27 Ohio St. 2d 102, 56 O.O. 2d 58, 271 N.E. 2d 834, paragraph one of the syllabus. For the foregoing reasons, we find appellant's assignment of error to be not well-taken.

On consideration whereof, we find that substantial justice has been done to appellant, and we affirm the judg-

ment of the Lucas County Court of Common Pleas. This case is remanded to said court for execution of judgment and assessment of costs. Costs assessed against appellant SGH Investments.

*Judgment affirmed.*

CONNORS and RESNICK, JJ., concur.