Women's Federal Savings Bank, f.k.a. Women's Federal Savings & Loan Association of Cleveland, *v.* Pappadakes et al.; Gaspar et al., Appellees; K & S Building Company, Appellant.

[Cite as Women's Federal Savings Bank *v.* Pappadakes (1988), 38 Ohio St. 3d 143.]

(No. 87-724—Submitted February 9, 1988—Decided August 10, 1988.)

*Philip A. Mesi* and *George Sadd,* for appellees.

*Ulmer, Berne, Laronge, Glickman & Curtis* and *Stephen A. Markus,* for appellant.

HOLMES, J. The case *sub judice,* in light of the determination of the court below, requires that we consider whether the bond filed with the trial court suffices under R.C. 2329.33[2] as "the amount of the judgment or decree." For the reasons set forth hereinafter, we hold that it does not and thus reverse the judgment of the court of appeals.

Initially, we note that a standing issue was raised by appellees at oral argument. It was appellees' view, which they also asserted at the court of appeals, that since R.C. 2329.33 contemplates that nothing would be payable to appellant herein as a purchaser until it is determined whether appellees made an effective redemption of the property foreclosed upon, then the instant action was one only between appellees, as debtors, and the bank as creditor. Moreover, it was appellees' view that the bank had not contested the appeal, and had therefore "agreed to the bond payment" as a satisfaction of the mortgage debt.

As correctly pointed out by appellant herein in its brief before the court of appeals, not only did it bid successfully at the sheriff's sale, but it has paid the full purchase price and received both a valid deed as well as the court's own written confirmation of the sale.

Title to the property at issue legally passed when the sale was confirmed, *Parker* v. *Storts* (1864), 15 Ohio St. 351, with appellant acquiring all the interests of both the mortgagors and the mortgagee. *Frische* v. *Kramer's Lessee* (1847), 16 Ohio 125; *Kerr* v. *Lydecker* (1894), 51 Ohio St. 240, 37 N.E. 267. Accordingly, appellant might stand in the shoes of either and defend an attack against an interest now vested in it. The bank, on the other hand, has apparently received the proceeds of the sale, thus satisfying its promissory note and mortgage. The bank has expressly stated, by letter to appellant, that it had no wish to participate in the

---

[2] R.C. 2329.33 states:

"In sales of real estate on execution or order of sale, at any time before the confirmation thereof, the debtor may redeem it from sale by depositing in the hands of the clerk of the court of common pleas to which such execution or order is returnable, the amount of the judgment or decree upon which such lands were sold, with all costs, including poundage, and interest at the rate of eight per cent per annum on the purchase money from the day of sale to the time of such deposit, except where the judgment creditor is the purchaser, the interest at such rate on the excess above his claim. The court of common pleas thereupon shall make an order setting aside such sale, and apply the deposit to the payment of such judgment or decree and costs, and award such interest to the purchaser, who shall receive from the officer making the sale the purchase money paid by him, and the interest from the clerk. This section does not take away the power of the court to set aside such sale for any reason for which it might have been set aside prior to April 16, 1888."

appeal and that the burden to do so now fell upon appellant as purchaser. Finally, it is observed that appellees sent a copy of their notice of appeal from the decision of the trial court to appellant.

All the foregoing was evidently considered by the court of appeals which denied appellees' motion to dismiss. Moreover, although touched upon by appellees in their recitation of the facts, none of appellant's propositions of law refers to or discusses this standing issue. Accordingly, the matter must be deemed to have been waived and is not now before this court.

In considering the right of redemption, we observe that the mortgagor's right to redeem is absolute and may be validly exercised at any time prior to the confirmation of sale. See *Insurance Co.* v. *Sampson* (1883), 38 Ohio St. 672; *Sun Fire Office of London* v. *Clark* (1895), 53 Ohio St. 414, 42 N.E. 248; *Union Bank Co.* v. *Brumbaugh* (1982), 69 Ohio St. 2d 202, 23 O.O. 3d 219, 431 N.E. 2d 1020. It is the right which the mortgagor has, upon payment of the mortgage debt, to regain the legal interest which has passed to the mortgagee as a forfeiture for failure to comply with the terms under which the mortgage was granted. *Frische* v. *Kramer's Lessee, supra.* It is correlative of the right of foreclosure, *Turner* v. *Johnson* (1840), 10 Ohio 204, and as to the mortgagor-debtor, has been codified by R.C. 2329.33.[3]

Appellees assert that by posting the bond with the court, they exercised their right of redemption. Furthermore, they claim to have filed such bond prior to the issuance of the order of confirmation. Appellant asserts both that the order of confirmation issued prior to the posting of the bond

---

[3] See fn. 2, *supra.*

and also that the bond was insufficient to qualify as a redemption under R.C. 2329.33. Because we determine this case upon the basis of R.C. 2329.33, we need not consider or speculate upon the timing of various events or indulge in presumptions which might appear to place the decision in this case upon a hypertechnical basis.

A review of the statute indicates that it does not specify how or in what form redemption shall be made. However, its terms do provide that redemption of the property should be made by payment of value having a relatively liquid character. R.C. 2329.33 clearly requires the debtor to *"deposi[t]* * * * in the hands of the clerk * * * *the amount of the judgment* or decree upon which such lands were sold, *with all costs,* including poundage, and interest * * * on the purchase money * * *."* (Emphasis added.) Obviously that which is deposited must represent sufficient value as to total the amounts described. We note that the term "amount of the judgment" would be most naturally, but not conclusively, applied to a payment in money or money's worth.

Additional guidance is derived from the second part of R.C. 2329.33, which directs how the trial court shall utilize that which has been deposited. This portion of the statute states: "The court of common pleas *thereupon* shall * * * *apply* the deposit to *the payment* of such judgment or decree and *costs,* and *award* such interest to the purchaser * * *." (Emphasis added.) It seems clear that whatever value is deposited must be capable of being immediately utilized by the court to make the payments specified, since R.C. 2329.33, in essence, directs the trial court to "thereupon" conclude the proceeding by making a distribution. Further, whatever is deposited for redemption purposes must have divisible

value, since the trial court is required to pay several expenses in addition to the balance owed on the mortgage. The trial court must therefore be able to deduct and pay out court costs, poundage to the sheriff, and interest to the purchaser.

In considering the writing which appellees tendered to the trial court so as to satisfy the redemption statute, we note that it is labeled as a bond "to Return Property, pay Damages, Etc." This bond is upon a form utilized to satisfy the R.C. 2329.12 replevin bond. In such an action, the creditor will have prevailed upon the court to allow a pretrial seizure by the creditor of that personal property of the debtor in which a security interest is held. After the event of seizure, the debtor may effect a replevy of the goods seized by filing a bond with the court promising that the goods will be produced to abide the judgment of the court, and stating that the surety will be liable for an amount up to twice the value of the property seized.

A surety bond, standing alone, simply cannot be used to satisfy the obligations required to be satisfied under R.C. 2329.33. It does not represent present value and cannot be used at the time of deposit to pay court costs, sheriff's poundage, and purchaser's interest. Also, it does not presently satisfy the mortgage obligation since the surety's promise to pay is conditional. Further, in order to obtain payment from the surety, the individual named in the bond, or one subrogated to his interest, must proceed against the surety. Even then, the surety may possess defenses to such suit which have nothing to do with the mortgagor. Utilization of a bond does not accomplish a winding-up of the matter, which is the duty of the court under the redemption statute, but may in fact delay the time for payment to the mortgagee until after a second lawsuit. Parenthetically, the value of the bond is completely contingent upon the financial condition of the surety. Where the surety fails, the bond is worthless. Upon this point, it should also be mentioned that the surety named in the instrument before us, Merchants & Manufacturers Insurance Company, became insolvent approximately eight months prior to journalization of the decision by the court of appeals. The court-appointed liquidator cancelled all bonds including the one tendered by appellees.

The language of the bond tendered is also most problematic. It promises that the mortgagors will "prosecute the action" when there is no longer an action to prosecute. It conditions payment upon judgment when judgment has already been rendered against the mortgagors. There can be no fulfillment of the promise to "return the property taken" since they do not have such property. The promise to pay is therefore conditioned upon events not relevant to the foreclosure proceeding and sheriff's sale at issue.

In conclusion, the redemption statute, R.C. 2329.33, applies to the time after the sheriff's sale but before confirmation of such sale. It allows the mortgagors a final eleventh-hour opportunity to redeem their property. At this point in the proceedings all the interested persons are poised for a final resolution of the matter and nothing less than a firm and unequivocal exercise of the right of redemption will suffice to effect the redemption. The posting of a conditional surety bond cannot be considered a deposit of "the amount of judgment" and other costs.

Accordingly, the judgment of the court of appeals is reversed.

*Judgment reversed.*

MOYER, C.J., DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

SWEENEY and LOCHER, JJ., dissent.

SWEENEY, J., dissenting. I must respectfully dissent from today's holding because it is abundantly clear that "new-party appellant" has not properly invoked the jurisdiction of this court.

On December 13, 1983, this action was initiated by Women's Federal Savings Bank (plaintiff below) to foreclose on its mortgage interest in property owned by defendant-appellee Stephan Gaspar, among others. Judgment was rendered in favor of plaintiff and an order of sale was issued to the sheriff on November 25, 1985. On January 13, 1986, the sale was conducted and "new-party appellant" K & S Building Company (hereinafter "K & S") was the highest bidder on the property. On February 10, 1986, this sale was confirmed by the trial court. The order of confirmation was appealed by defendants-appellees on March 6, 1986. R.C. 2329.33 governs redemption of real property subject to foreclosure. It provides:

"In sales of real estate on execution or order of sale, at any time before the confirmation thereof, the debtor may redeem it from sale by depositing in the hands of the clerk of the court of common pleas to which such execution or order is returnable, the amount of the judgment or decree upon which such lands were sold, with all costs, including poundage, and interest at the rate of eight per cent per annum on the purchase money from the day of sale to the time of such deposit, except where the judgment creditor is the purchaser, the interest at such rate on the excess above his claim. *The court of common pleas thereupon shall make an order setting aside such sale,* and apply the deposit to the payment of such judgment or decree and costs, and award such interest to the purchaser, who shall receive from the officer making the sale the purchase money paid by him, and the interest from the clerk. This section does not take away the power of the court to set aside such sale for any reasons for which it might have been set aside prior to April 16, 1888." (Emphasis added.)

Thus, the interest of K & S in the *property* which is the subject of this litigation arose on January 13, 1986 when it purchased same. The interest of K & S in this *litigation* occurred on February 10, 1986 when the sale was confirmed.[4]

Following confirmation of the sale, it is readily apparent that K & S could intervene pursuant to Civ. R. 24(A). It provides:

"(A) Intervention of right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) *when the applicant claims an interest relating to the property* or transaction which is the subject of the action *and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest,* unless the applicant's interest is adequately represented by existing parties." (Emphasis added.)

Civ. R. 24 is not self-executing, however. Civ. R. 24(C) provides as follows:

"A person desiring to intervene

---

[4] Had redemption of the property been accomplished prior to confirmation of the sale, the previous transaction, by operation of R.C. 2329.33, would have been voidable and the interest of any purchaser thereof would have been extinguished.

*shall* serve a motion to intervene upon the parties as provided in Rule 5. The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought. The same procedure shall be followed when a statute of this state gives a right to intervene." (Emphasis added.)

Despite designating itself as a "new-party appellant," K & S neither filed a motion to intervene pursuant to Civ. R. 24 nor was joined as a party pursuant to Civ. R. 19, 19.1, or 20.[5] It therefore lacked standing to appeal the determination of the Eighth District Court of Appeals.

Inasmuch as standing is jurisdictional in nature, it may be challenged at any time during the pendency of the proceedings. See *New Boston Coke Corp.* v. *Tyler* (1987), 32 Ohio St. 3d 216, 513 N.E. 2d 302. I would therefore dismiss the appeal *sua sponte* as not properly presented to this court for review.

LOCHER, J., concurs in the foregoing dissenting opinion.

---

[5] In contrast, on January 31, 1984, Daniel T. Todt filed with the Court of Common Pleas of Cuyahoga County a motion to intervene as a party defendant pursuant to Civ. R. 24(A)(2).