**FARM CREDIT SERVICES OF MID–AMERICA, ACA, Appellee,**

v.

**DUES et al., Appellants.**

[Cite as *Farm Credit Serv. of Mid–America, ACA v. Dues* (1995), 104 Ohio App.3d 760.]

Court of Appeals of Ohio,
Third District, Shelby County.

No. 17–94–35.

Decided June 21, 1995.

*Ray A. Cox,* for appellee.

*Katherine C. McGuire* and *Dean Edward Hines,* for appellants.

---

EVANS, Judge.

Judgment debtors Robert H. and Joan F. Dues ("appellants") appeal from a judgment of the Court of Common Pleas of Shelby County denying their motion to set aside the sale of real property pursuant to their statutory right of redemption under R.C. 2329.33 and granting the motion of Farm Credit Services of Mid–America, ACA ("appellee") for an order confirming the sale of real property pursuant to R.C. 2329.33. For the reasons that follow, the judgment of the trial court is reversed.

## I

The appellants are the owners of six tracts of real property located in Shelby County, Ohio. The six tracts of land are used for farming and are not the appellants' primary residence. In April 1989, the appellants obtained a short-term loan from the appellee for expenses related to their farming operation. The loan was secured by the crops produced on the appellants' farm. The appellants defaulted on the loan, and the appellee received a judgment for the amount due. A certificate of judgment was filed with the Clerk of Courts of Shelby County on or around March 14, 1991. At the time of this appeal, the amount due on this loan is approximately $110,000.

On May 27, 1992, the appellee filed a complaint in the Court of Common Pleas of Shelby County naming the appellants and several other interested parties as defendants.. The appellee styled the complaint as a "Complaint to Foreclose Mortgage." The appellee's complaint alleged that pursuant to R.C. 2329.02, the

March 15, 1991, certificate of judgment constituted a valid lien on the six tracts of land owned by the appellants. The appellee's complaint prayed for the following: (1) a judgment of foreclosure against the appellants' six tracts of land; (2) that the remaining named defendants set forth their claims and interests in the property; (3) a marshalling of liens; (4) that the real property be ordered for sale according to law; and (5) that the appellee's judgment, interest, and costs be paid from the proceeds of the sale according to their priorities.

In December 1992, the appellee moved for summary judgment. The appellants did not oppose the motion for summary judgment. In an order/entry dated February 4, 1993, the trial court granted the appellee's summary judgment. In an amended entry dated March 23, 1993, the trial court ruled that the appellee possessed a valid lien on the six tracts of land located in Shelby County. The trial court issued an order of sale on these six tracts of land. No appeal was taken from the trial court's March 1993 order.

In February 1993, the appellants filed a notice of removal with the United States District Court for the Southern District of Ohio, Western Division, alleging violations of their civil rights as the basis for removal jurisdiction. The appellee moved the district court to remand the action to the Court of Common Pleas of Shelby County, contending that the foreclosure complaint only set forth state law claims. In July 1993, the federal district court granted the appellee's motion and remanded the cause to the Court of Common Pleas of Shelby County and terminated the federal district court proceedings initiated by the appellants.

On May 4, 1994, the appellants filed for Chapter 12 bankruptcy protection in the United States Bankruptcy Court for the Southern District of Ohio, Western Division. The Chapter 12 proceeding was later converted to a Chapter 7 proceeding. The bankruptcy court appointed W. Michael Conway as the Chapter 7 Trustee.

On August 11, 1994, the appellee, as a secured creditor, obtained an order from the bankruptcy court granting it complete relief from the automatic stay provisions of the Bankruptcy Code so that it could continue its foreclosure action. At a sheriff's sale conducted on October 14, 1994, the appellants' property was sold in satisfaction of the judgment lien.

After the sheriff's sale, several parties individually deposited with the Clerk of Courts of Shelby County various sums of money so that the appellants could exercise their statutory right of redemption pursuant to R.C. 2329.33. On October 17, 1994, these individual deposits were consolidated into a single account with the Shelby County Clerk of Courts. The deposit receipt issued by the clerk listed the following people on the "as received from" line of the receipt: the appellants, Randall Dues, Nicholas Dues, Sherry Dues, Paul Pullins, and David Pullins. Another receipt issued on October 17 acknowledged the receipt of

$5,790.75 from David and Paul Pullins for costs related to the case. Affidavits executed by each of these individuals stated that the money was loaned to the appellants for the purpose of redeeming the property sold at the sheriff's sale.

On October 26, 1994, the appellants, acting *pro se*, moved to exercise their right of redemption and vacate the sale. On October 28, 1994, the appellants, with the representation of counsel, moved to set aside the sale pursuant to R.C. 2329.33 and to obtain relief from judgment pursuant to Civ.R. 60(B)(4). The appellee opposed the appellants' motion and moved for an order confirming the sale of the real property. The trial court scheduled a November 15, 1994 hearing for both motions.

During the November 15, 1994 hearing, the Chapter 7 trustee stated that he might pursue an interest in the redemption funds deposited by the appellants; however, as of the date of the trial court's order confirming the sale, the trustee had not taken any official action to pursue the funds. At the November 15 hearing, the trial court entered into the following colloquy with the appellants' counsel concerning the availability of the deposited funds:

"THE COURT: If I were to—let me ask you, Mrs. McGuire [appellants' counsel], if the Court set aside the sale and ordered that the money be paid to Farm Credit, you've heard what the trustee says, that he may be filing suit against Farm Credit to try to get those funds back.

"MS. McGUIRE: Well—

"THE COURT: How can you—as far as the court of equity is concerned, Farm Credit is now involved with the dispute with the—with the bankruptcy trustee and they don't—they don't want to get involved with the trustee. They simply want—they simply want the money from the sale of this piece of property, and they wind up in a lawsuit. What—what is your equity, what's your argument?

"They simply want good funds. If they're guaranteed of good funds and you're not—you can't guarantee those are good funds. The bankruptcy trustee is making a statement that he may go after those funds and we're just going through a foreclosure sale to get the debtor good funds from the sale of real estate. If I accept your argument, those funds may not be any good and Farm Credit is—is back to defending the matter. Should they be placed in that position? Is that what they're bargaining for?

"MS. McGUIRE: Respectfully, your Honor, in this case you have cash deposited, cashier's checks, which is the equivalent of cash, deposited with the Clerk of Courts of Shelby County. Whether or not the bankruptcy trustee files a motion—first off, he hasn't made a determination that he does, in fact, have an interest in the source of those funds in that any of those funds are property of the

bankruptcy estate, number one, you have not even—the trustee has not even decided that.

"Secondly, he would have to file an action in the Bankruptcy Court, which has exclusive jurisdiction, to determine what is the property of the estate."

Following the November 15 hearing, the trial court ordered the parties to submit supplemental briefs detailing their respective positions.

On November 22, 1994, the Chapter 7 trustee abandoned his interest in the real property at issue here. The trustee's notice of abandonment was filed with the bankruptcy court on November 22, 1994.

On November 22, 1994, the appellee submitted its supplemental memorandum in support of its motion to order the confirmation of the sale. The appellants also submitted their supplemental reply brief on November 22, 1994. The appellants' reply brief contained a file-stamped copy of the trustee's notice of abandonment of the appellants' property.

On November 29, 1994, the trial court issued its order granting the appellee's motion to confirm the sale. The trial court concluded that the appellants could not utilize their right of redemption in the property, because the appellants' right of redemption passed to the bankruptcy trustee by operation of law upon their filing for bankruptcy protection. The trial court's decision is devoid of any reference to the trustee's abandonment of the property and its effect upon the appellants' right of redemption.

In that same order, the trial court also ruled that the appellants could not exercise their statutory right of redemption because the funds deposited with the clerk of courts were incapable of immediate use and division. The trial court predicated this decision on the following findings: (1) the fact that the bankruptcy trustee might have an interest in the funds deposited with the Shelby County Clerk of Courts; and (2) should any one of the multiple parties who contributed to the funds deposited with the clerk of courts decide to reclaim his portion of the funds, the collective deposit would fall short of the amount of the judgment. Consequently, the trial court denied the appellants' motion to set aside the sale and granted the appellee's motion to confirm the sale.

From that judgment the appellants bring this appeal.

II

The appellants assert four assignments of error for our review. Because the appellants' first two assignments of error are interconnected, we will address them together.

"ASSIGNMENT OF ERROR NO. 1

"The trial court erred when it held that the Chapter 7 Trustee had not abandoned his interest in the Appellants real property.

"ASSIGNMENT OF ERROR NO. 2

"The trial court erred when it held that the equity of redemption was with the Chapter 7 Trustee and that the Appellants had no equity of redemption to assert."

The record clearly reflects that the Chapter 7 trustee's notice of abandonment of the appellants' property was filed with the bankruptcy court on November 22, 1994. The appellants attached a file-stamped copy of the trustee's notice of abandonment to their reply brief filed with the trial court on November 22, 1994, seven days prior to the trial court's order confirming the sale of the real property.

The appellants submit that the Chapter 7 trustee's abandonment of the appellants' real property removes the property from the bankruptcy estate and returns the property to the debtor as though no bankruptcy had occurred. The appellants further argue that if the property reverts to them, then they are entitled to exercise their statutory right of redemption. The court in *In re Sills* (S.D.Ohio 1991), 126 B.R. 974, 976, held:

"The effect of abandonment by a trustee, whether accomplished by affirmative act under 11 U.S.C. § 554(a) or (b) or by failure of administration under subparagraph (c), is to divest the trustee of control over the property because once abandoned, property is no longer part of the bankruptcy estate. * * * When property is abandoned, it ceases to be property of the estate and reverts to the debtor. See *Brown v. O'Keefe* (1937), 300 U.S. 598, 602, 57 S.Ct. 543, 546, 81 L.Ed. 827."

See, also, *In re Dewsnup* (C.A. 10, 1990), 908 F.2d 588, 590, affirmed *sub. nom Dewsnup v. Timm* (1991), 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (property abandoned as burdensome to estate or of inconsequential value ceases to be part of bankruptcy estate and reverts to debtor and stands as if no bankruptcy petition were filed).

Based on these cases, we conclude that following the trustee's abandonment, the appellants reacquired their possessory right to the real property, including the right to statutorily redeem the property pursuant to R.C. 2329.33.

The appellants' first and second assignments of error are well taken and they are sustained.

The appellants' third and fourth assignments of error are interconnected and will be addressed together:

"ASSIGNMENT OF ERROR NO. 3

"The trial court erred when it held that the funds deposited with the Shelby County Clerk of Courts were not capable of immediate use and division.

"ASSIGNMENT OF ERROR NO. 4

"The trial court erred in denying the Appellants Dues Motion to Set Aside Sale and erred in granting Appellee Farm Credit's Motion for an Order Confirming Sale because the Appellants Dues have fully complied with the requirements of O.R.C. 2329.33."

■ Under R.C. 2329.33, following the sale of real estate on execution or order of sale, a judgment debtor may redeem his property at any time before the confirmation of the sale. R.C. 2329.33 provides:

"In sales of real estate on execution or order of sale, at any time before the confirmation thereof, the debtor may redeem it from sale by depositing in the hands of the clerk of the court of common pleas to which such execution or order is returnable, the amount of the judgment or decree upon which such lands were sold, with all costs, including poundage, and interest at the rate of eight per cent per annum on the purchase money from the day of sale to the time of such deposit, except where the judgment creditor is the purchaser, the interest at such rate on the excess above his claim. The court of common pleas thereupon shall make an order setting aside such sale, and apply the deposit to the payment of such judgment or decree and costs, and award such interest to the purchaser, who shall receive from the officer making the sale the purchase money paid by him, and the interest from the clerk. * * * "

In interpreting R.C. 2329.33, the Supreme Court of Ohio in *Women's Fed. Savings Bank v. Pappadakes* (1988), 38 Ohio St.3d 143, 527 N.E.2d 792, paragraph one of the syllabus, held:

"To effect a redemption of property under R.C. 2329.33, the mortgagor-debtor must deposit the amount of the judgment with all costs specified. That which is deposited must be capable of immediate use and division so that the court may allocate the costs required to be paid."

In this case, several parties deposited funds with the clerk of courts on behalf of the appellants. The clerk of courts issued a receipt naming all of these individuals as depositors. The appellee contends that under the holding of *Women's Fed.*, these funds are incapable of immediate use and division because any one of the individuals named on the receipt could demand the return of his or her portion of the deposited funds, thus destroying the availability of the collective deposit. The appellee also asserts that the Chapter 7 trustee's intention to pursue the redemption funds also renders the funds incapable of immediate use and division. The appellants, in contrast, submit that a judgment debtor

may use funds obtained from a third party for the purpose of redeeming the judgment debtor's property under R.C. 2329.33.

We agree with the appellants' position that a judgment debtor may use funds obtained from a third party for the purpose of redeeming the mortgagor-debtor's property. See *Toledo Trust Co. v. Yakumithis Ent., Inc.* (1987), 35 Ohio App.3d 31, 519 N.E.2d 425. The appellee's reliance on *Women's Fed.* is misplaced. The Supreme Court of Ohio in *Women's Fed.* rejected the argument that a conditional surety bond satisfies the requirements of R.C. 2329.33, because the bond could not be considered a deposit of the amount of the judgment and other costs as required by the redemption statute.

In this case, however, there are monies on deposit with the Shelby County Clerk of Courts that are capable of immediate use and division. Whether one of the named individuals on the deposit receipt, as well as the Chapter 7 trustee, will seek to recover the monies on deposit with the clerk of courts is purely speculative. What is certain, however, is the fact that the appellants deposited the funds necessary to exercise their statutory right of redemption with the clerk of courts on October 17, 1994. On October 26, 1994, the appellants moved the trial court for an order setting aside the sale. The order confirming the sale was not entered until November 29, 1994. The statutory right of redemption under R.C. 2329.33 may be validly exercised as an absolute right at any time prior to the confirmation of the sale. *Women's Fed.*, 38 Ohio St.3d at 146, 527 N.E.2d at 795.

While a trial court has wide discretion in ruling on a motion to confirm or set aside the sale of property, *Toledo Trust*, 35 Ohio App.3d at 34, 519 N.E.2d at 428; *Michigan Mtge. Corp. v. Oakley* (1980), 68 Ohio App.2d 83, 22 O.O.3d 76, 519 N.E.2d 425, paragraph two of the syllabus, we must be mindful that R.C. 2329.33 "allows the mortgagors a final eleventh-hour opportunity to redeem their property." *Women's Fed.*, 38 Ohio St.3d at 147, 527 N.E.2d at 796. At the time that the appellants moved to set aside the sale, it was conjectural whether the Chapter 7 trustee would claim an interest in the funds. It was equally uncertain whether one of the parties who contributed to the funds deposited with the clerk of courts would reclaim his portion of the monies. As observed in *Women's Fed.*, 38 Ohio St.3d at 146, 527 N.E.2d at 795, we must determine this case upon the basis of R.C. 2329.33, and need not "consider or speculate upon the timing of various events." After reviewing the record, we conclude that the appellants satisfied the requirements of R.C. 2329.33. Consequently, the trial court's decision ordering the confirmation of the sale was contrary to law.

The appellants' third and fourth assignments of error are well taken and they are sustained.

## III

Having found error prejudicial to the appellants herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand this case for an order setting aside the sale and granting the appellants' motion to exercise their right of redemption.

*Judgment reversed*
*and cause remanded.*

THOMAS F. BRYANT, P.J., and SHAW, J., concur.