IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 10, 2016 Session

**CITY OF CHATTANOOGA, ET AL. v. TAX YEAR 2011 CITY
DELINQUENT REAL ESTATE TAXPAYERS**

**Appeal from the Chancery Court for Hamilton County
No. 11222    Pamela A Fleenor, Chancellor**

————————————————————

**No. E2016-00025-COA-R3-CV-FILED-FEBRUARY 10, 2017**

————————————————————

This appeal was filed by a purchaser who bought a parcel of real property in Hamilton County, Tennessee, at a delinquent tax sale. After the sale, the person who had owned the property at the time of the sale conveyed it to a married couple. The title agency, who assisted with the closing, the original owner, and the couple moved to redeem the property upon learning of the tax sale. The trial court granted their request, divested title from the tax sale purchaser, and vested it in the original owner. The tax sale purchaser appeals. We affirm as modified.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J. and FRANK G. CLEMENT, P.J., M.S., joined.

Jeremy Gourley, Murfreesboro, Tennessee, for the appellant, Thomas G. Hyde.

Barry L. Abbott, Chattanooga, Tennessee, for the appellees, Jerry C. Wilkinson, Jeffrey Barton, Stacey Barton, and Pioneer Title Agency, Inc.

**OPINION**

**I. BACKGROUND**

Prior to 2015, Jerry C. Wilkinson ("Owner") owned a condominium at 1131 Stringers Ridge Road, Unit 2-C ("the Property") in Chattanooga, Tennessee.[1]  After a

---

[1] Tax Map and Parcel # 126N-C-003-C022.

delinquent tax sale on June 4, 2015, the Property was sold pursuant to a decree confirming sale entered on June 24, 2015. Thomas Hyde ("Buyer") purchased the Property at the sale "subject to the rights of the defendant(s) to redemption according to law." He paid into the court $61,000. Buyer asserts that at this point in time, Owner only owned the right to redeem and no more, with all ownership of the Property passing to Buyer.

On June 25, 2015, one day after the decree from the delinquent tax sale was entered, Owner sold the Property to Jeffrey T. Barton and his wife, Stacey L. Barton ("Bartons"). It appears that the decree confirming sale to Buyer was recorded around a month after the warranty deed Owner gave to Bartons.

On July 23, 2015, upon learning of the delinquent tax sale issue, Pioneer Title Agency, Inc. ("Pioneer") filed a "Statement Of Person Redeeming Property Sold At Tax Sale" form in the Clerk & Master's office. *See* Tenn. Code Ann. § 67-5-2701. Pioneer, who had insured title to the Property and handled the closing, checked the box on the form that denoted: "I am making this redemption for the use and benefit of the delinquent taxpayer." Additionally, on that same day, Pioneer submitted a check in the amount of $6,270.79 for the payment of taxes, fees, costs and interest due to the Hamilton County Clerk & Master per that office's calculation.

Subsequently, on September 1, 2015, Owner filed a "Statement of Person Redeeming Property Sold At Tax Sale" and checked the box that indicated: "I am the delinquent taxpayer." Likewise, on the same date, Bartons filed a "Statement of Person Redeeming Property Sold At Tax Sale" in the Clerk & Master's office. They checked the box noting:

> I own a legal interest in the property. Describe: We purchased the property on June 25, 2015. See the Warranty Deed recorded in book 10504, Page 23 of the Register's Office of Hamilton County, Tennessee which is attached . . . and incorporated by reference herein. The amount required to be paid pursuant to T.C.A. § 67-5-2701 was paid to the Clerk & Master by Pioneer Title Agency, Inc. by check in the amount of $6,270.79 on July 23, 2015. . . .

Prior to the filings by Owner and Bartons, Buyer filed a motion to deny redemption and for reimbursement. He asserts that the statute is very specific about not only who is to file, but who is to pay the monies required to redeem the property. He argues that Pioneer was not an interested person entitled to redeem the Property and that the statute requires that the actual debtor be the one who pays. According to Buyer, the actual debtor, Owner, was not a person entitled to redeem because he had sold his right to Bartons. Buyer further contends that Bartons, holding only Owner's right to redeem, did

not pay the money to the Clerk & Master, and Pioneer did not have a designated power of attorney to act on their behalf. Thus, according to Buyer, there was no valid tender as required by the statute and the redemption was not valid.

The trial court conducted an evidentiary hearing on September 8, 2015. At the hearing, Michael Ray Denson was the only witness to testify concerning Buyer's motion for reimbursement of expenses. Denson testified that on June 22, 2015, three individuals (Denson, Jim Hyde, and Lee Singhley) traveled (round trip) 210 miles from Murfreesboro to Chattanooga to inspect a total of five properties – including the Property. Denson presented an invoice requesting a grand total of $330.11 ($50 per hour for 4 hours for a subtotal of $200, plus 210 miles at 57.5 cents per mile for mileage reimbursement of $120.75 plus tax). Denson stated that the mileage request was not apportioned to any of the other properties and that the figure of $50 per hour was an estimate. A month later, on October 9, 2015, the court entered an order denying Buyer's motion to deny redemption, granting the motion to redeem, and granting the request by Buyer for reimbursement of expenses in the amount of $50. The court declined to award the mileage reimbursement requested. Subsequently, the court entered an order setting aside the delinquent tax sale as to the Property, divesting title from Buyer, and vesting it in Owner. Buyer thereafter filed a timely notice of appeal.

## II. ISSUES

We restate the primary issue before us for review as whether the trial court properly allowed the redemption of the real property which had been sold for delinquent taxes. We also address whether Buyer was entitled to reimbursement for expenses in excess of the $50 awarded, and whether Buyer is liable for damages for pursuing a frivolous appeal.

## III. STANDARD OF REVIEW

The factual findings of the trial court are accorded a presumption of correctness on appeal and will not be overturned unless the evidence preponderates against them. Tenn. R. App. P. 13(d). The trial court's conclusions of law are subject to a de novo review with no presumption of correctness. *Blackburn v. Blackburn*, 270 S.W.3d 42, 47 (Tenn. 2008); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993). Because trial courts are in a far better position than this court to observe the demeanor of the witnesses, the weight, faith, and credit to be given witnesses' testimony lies in the first instance with the trial court. *Roberts v. Roberts*, 827 S.W.2d 788, 795 (Tenn. Ct. App. 1991). Consequently, where issues of credibility and weight of testimony are involved, this court will accord considerable deference to the trial court's factual findings.

In this case we are called upon to interpret statutes. Issues of statutory construction are questions of law, *see Jordan v. Baptist Three Rivers Hosp.*, 984 S.W.2d 593, 599 (Tenn. 1999); *Beare Co. v. Dep't of Revenue*, 858 S.W.2d 906, 907 (Tenn. 1993), and must be reviewed de novo without a presumption of correctness. *See Ridings v. Ralph M. Parsons Co.*, 914 S.W.2d 79, 80 (Tenn. 1996).

## IV. DISCUSSION

Tennessee Code Annotated Title 67, Chapter 5, deals solely with property taxes, and Part 27 of that chapter covers redemptions. Tennessee Code Annotated section 67-5-2701(a)(3)(C) provides that a "person entitled to redeem property" includes "any interested person . . . as of the date of the sale and the date the motion to redeem is filed." Section 67-5-2701(b) provides:

> In order to redeem a parcel, the person entitled to redeem shall file a motion to such effect in the proceedings in which the parcel was sold. The motion shall describe the parcel, the date of the sale of the parcel, the date of the entry of the order confirming the sale and shall contain specific allegations establishing the right of the person to redeem the parcel. Prior to the filing of the motion to redeem, the movant shall pay to the clerk of the court an amount equal to the total amount of delinquent taxes, penalty, interest, court costs, and interest on the entire purchase price paid by the purchaser of the parcel. The interest shall be at the rate of twelve percent (12%) per annum, which shall begin to accrue on the date the purchaser pays the purchase price to the clerk and continuing until the motion to redeem is filed. If the entire amount owing is not timely paid to the clerk or if the motion to redeem is not timely filed, the redemption shall fail.

Tenn. Code Ann. § 67-5-2701(b).

Tennessee Code Annotated section 67-5-2701(a)(1) provides, in pertinent part: "Upon entry of an order confirming sale of a parcel, a right to redeem shall vest in all interested persons." Interested person is defined in Tennessee Code Annotated section 67-5-2502 as follows:

> "Interested person," "person owning an interest in a parcel" and "owner" means a person . . . that owns an interest in a parcel and includes a person, . . . that holds a lien against a parcel or is the assignee of a holder of such a lien. "Interested

person" also includes a person or entity named as nominee or agent of the owner of the obligation that is secured by the deed or a deed of trust and that is identifiable from information provided in the deed or a deed of trust, which shall include a mailing address or post office box of the nominee or agent. However, a person named as a trustee under a deed of trust, contract lien or security instrument, is not included in such definition unless the person has a separate interest in the parcel.

Tenn. Code Ann. § 67-5-2502(c)(1)(B). The redemption period is one year from the date of entry of the decree confirming sale. Tenn. Code Ann. § 67-5-2701(a)(1).

The statutory right of redemption is a valuable right. *Plemons v. Gale*, 396 F.3d 569, 575 (4th Cir. 2005); *VOSR Indus., Inc. v. Martin Props., Inc.,* 919 So.2d 554, 556 (Fla. Dist. Ct. App. 2005); *Miles Homes Div. of Insilco Corp. v. City of Westhope*, 458 N.W.2d 321, 326 (N.D. 1990). Thus, the courts, as a matter of general policy, construe the statutes governing the sale of property for delinquent taxes, and specifically the statutes providing the right of redemption, liberally in favor of the redeeming party. *Blizzard v. Moniz*, 518 S.E.2d 407, 410 (Ga. 1999); *Serion v. Thornton*, 85 P.3d 186, 193 (Haw. 2004); *In re County Treasurer of Cook County*, 753 N.E.2d 363, 367 (Ill. App. Ct. 2001); *Norwood v. Moore*, 932 So.2d 63, 66 (Miss. Ct. App. 2006); *Carney v. Philippone*, 806 N.E.2d 131, 134 (N.Y. 2004).

It is not disputed that Owner was the "Assessed Owner" of the Property as of the date of the delinquent tax sale and as of the date of the entry of the Decree Confirming Sale. Owner is also shown as grantor on the warranty deed he signed on June 25, 2015, when he transferred the Property to Bartons. Therefore, as of the date of the sale, Owner was a "person entitled to redeem" and an "interested person" as defined in Tennessee Code Annotated section 67-5-2701(a)(3)(C) and Tennessee Code Annotated section 67-5-2502 because he was, in fact, the owner of the Property at that time. Admittedly, he had lost this status by "the date the motion to redeem [was] filed." Tenn. Code Ann. § 67-5-2701(a)(3)(C).

When Bartons completed their form, they were entitled to redeem and interested persons as defined in Tennessee Code Annotated section 67-5-2701(a)(3)(C) and 67-5-2502. In *State v. Delinquent Taxpayers*, No. M2002-00718-COA-R3-CV, 2003 WL 21171858 (Tenn. Ct. App. Aug. 18, 2003), a panel of this court held that a third-party who purchased property previously sold at a delinquent tax sale from the delinquent taxpayer can exercise the right of redemption. The court observed: "In Tennessee it is well settled that '[t]he right of a party, whose land has been sold by judicial sale, to redeem that land has always been treated as an estate or interest in the land which he might sell . . . .'" *Id.* at *2 (quoting *Herndon v. Pickard*, 73 Tenn. 702, 704 (Tenn.

- 5 -

1880)).  The court also discussed *Fite v. Jennings*, 246 S.W.2d 1 (Tenn. 1952), wherein the Tennessee Supreme Court observed:  "It cannot be doubted that Jennings, the judgment debtor, had the absolute right to sell and dispose of his statutory right of redemption[,]" and that "[t]his was the effect of the deed to [third party]."  *Id*. at 3.  *See also Reaves v. Bank of Hartsville*, 64 S.W.307 (Tenn. Ct. App. 1900) (stating that "the right of redemption exists in the original debtor . . . and . . . this right may be transferred to a third party, who will then stand in the shoes of the debtor, and may redeem, just as he could have redeemed.").

In this case, the only interest possessed by Owner at the time of the sale to Bartons was the right of redemption.  His attempted conveyance in fee simple was effective to transfer all his interest in the Property, which consisted solely of the right of redemption. *See also Wyatt v. Beard*, 15 S.W.2d 990, 991 (Ark. 1929) (stating that the right of redemption arising from a tax sale belongs to "any person having an interest in or title to the land sold . . . and it is immaterial whether this title or interest existed at the time of the . . . sale.  It suffices if it existed or is acquired before the period of redemption expires."); *Belmore v. State Tax Comm'n*, 245 P.2d 149, 153 (N.M. 1952) (opining that the statutory right of redemption arising from a tax sale is "an interest which the former owner may assign or devise . . . .").

Accordingly, it is clear that persons entitled to redeem (Bartons) filed a motion requesting redemption of the Property within one year of the entry of the Decree Confirming Sale.  The analysis of whether the trial court properly affirmed the redemption of the real property is concluded with a determination as to whether the taxes, interest, and court costs have been paid as required by Tennessee Code Annotated section 67-5-2701(b).  That section provides:  "Prior to the filing of the motion to redeem, the movant shall pay the clerk of the court an amount equal to the total amount of delinquent taxes, penalty, interest, court costs and interest on the entire purchase price paid by the purchaser of the parcel."

The record in this case reveals that Pioneer submitted a check in the amount of $6,270.79 for the redemption of the Property.  On appeal, Buyer does not contest the fact that the taxes, interest and required costs were paid, the timeliness of the payment, or the calculation of the amount paid.  Buyer challenges the source of this payment.  He argues that Bartons "failed to tender the monies required by the statute to the Clerk to perfect their right to redeem."  The record on appeal contains no testimony concerning the ownership or source of the funds delivered to the Clerk & Master.

In *Toledo Trust Co. v. Yakumithis Enterprises, Inc*., 519 N.E.2d 425 (Ohio Ct. App. 1987), the attorney for Yakumithis deposited a check bearing the name of another entity, Luttrell Auto Supply ("Luttrell"), and was handed a receipt issued to Luttrell.  The court found this fact did not require the conclusion that Luttrell redeemed the property, as Luttrell did not receive title to the property when its check was deposited.  The court held

that Luttrell's act of providing the funds that were used by Yakumithis to redeem its property did not mean that Luttrell "redeemed" the property. The *Yakumithis* court found that the word "redeem" is not so broad as to encompass Luttrell's act of financing Yakumithis' redemption of its own property. The court observed that such an interpretation of the word "redeem" would be unreasonable because it would unduly restrict Yakumithis' right to redeem its property. In the view of the court, the word "redeem" should be liberally interpreted in Yakumithis' favor so that Yakumithis' redemption of its property could be facilitated. *See Kinney v. Hoffman*, 86 N.E.2d 774 (Ohio 1949); *Masterson v. Beasley*, 3 Ohio 301, 302 (1828). We agree.

In our case, Pioneer did not redeem the Property because it did not receive title to the Property in exchange for depositing its check with the clerk. Since title did not pass to Pioneer upon deposit, we hold that the redemption was proper. The source of the funds, the owner of the checking account, or the identity of the person who delivered the payment to the Clerk & Master makes no legal difference. There is no statutory requirement as to the ownership or source of the funds.

Buyer further contends that the trial court erred in granting the motion to redeem because Pioneer, Owner, and Bartons had joined together in one motion. The trial court, however, did not hold that the parties had jointly redeemed the property. The court's order of October 9, 2015, simply noted that the parties had joined together in a single motion in addition to each of the parties filing separate statements to redeem the property to ensure that whoever has the right to redeem the property had exercised that right. We find no error in this exercise of caution by the parties.

Additionally, Buyer argues that he was entitled to reimbursement for expenses in excess of the $50 he was awarded. Tennessee Code Annotated section 67-5-2701(e) specifies six categories of expenses for which the tax purchaser is allowed to recover in the statutory redemption process:

> (e) Additional sums to be paid by the proposed redeemer at the demand of the purchaser, shall include the following:
>
> (1) Additional ad valorem taxes, penalty, interest and court costs paid by the purchaser secured by a lien against the parcel;
>
> (2) Reasonable payments made by the purchaser for insurance on the parcel and any improvements thereon;
>
> (3) Reasonable cost paid by the purchaser to avoid permissive waste of the parcel;

(4) Reasonable expenses paid by the purchaser as a result of a judicial or administrative order or other official notice requiring the purchaser to immediately bring the property into compliance with applicable building code or zoning regulations;

(5) Reasonable payments by the purchaser for homeowner's association dues or obligations resulting from covenants running with the land which are secured by a lien against the parcel; and

(6) Additional interest at the rate set out in subsection (b), accruing from the date the motion to redeem was filed until the date the purchaser's response was filed. If the court determines that the purchaser has not delayed consideration of the motion to redeem and that any response filed by the purchaser for additional funds was based on a reasonable expectation that the expenditures of the purchaser were reimbursable pursuant to this section, then the court may require the proposed redeemer to also pay additional interest at the same rate, accruing from the date the purchaser's response was filed until the date of such payment.

Tenn. Code Ann. § 67-5-2701(e).

Upon our review of the record, we find that the trial court's ruling was reasonable and within its discretion. The testimony and scant evidence did not support the award of additional reimbursement. However, we do not find that the appeal was frivolous.

## V. CONCLUSION

The trial court's decision granting the motion for redemption is affirmed. This matter is remanded to the trial court to amend its prior order to vest title to the Property in the names of Jeffrey Barton and wife, Stacey Barton, based on the warranty deed wherein Bartons are the successors in interest to Jerry C. Wilkinson. The cost of this appeal is accessed to appellant, Thomas Hyde.

_____
JOHN W. MCCLARTY, JUDGE

- 8 -