[Cite as *PNC Bank, Natl. Assn. v. Maxwell*, 2012-Ohio-5399.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION | C.A. No. 26357 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| FLOYD D. MAXWELL, et al. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellants | CASE No. CV-2010-05-3554 |

DECISION AND JOURNAL ENTRY

Dated: November 21, 2012

DICKINSON, Judge.

INTRODUCTION

{¶1} A third-party purchased real property at a foreclosure sale but, after the trial court confirmed the sale, the court vacated the confirmation order and vacated the sale. The third-party purchaser has appealed, and the bank has responded in opposition. This Court reverses the decision of the trial court because the order confirming the sale was a final order that the bank failed to appeal.

BACKGROUND

{¶2} PNC Bank N.A. instituted a foreclosure action against Floyd Maxwell in May 2010. Lewis Dawson L.L.C. purchased the subject property at a sheriff's sale on February 10, 2012. Five days later, PNC Bank moved the trial court to vacate the sale, arguing that its bidder had been confused during the sale, causing the property to be sold for less than the bank had

intended. Two days after that, Lewis Dawson moved the trial court to confirm the sale. On February 28, 2012, the trial court confirmed the sale and ordered distribution of the proceeds.

{¶3} On March 6, 2012, the trial court entered an order indicating that "Plaintiff's Motion to vacate the Sheriff Sale" is granted and vacating the confirmation order of February 28. In its March 6 order, the trial court explained that, "[a]lthough there was a motion to vacate the sale pending, due to inadvert[e]nce, the Order of Confirmation was signed and filed by this Court on February 28, 2012." Lewis Dawson has appealed the trial court's March 6 order vacating the confirmation of sale and purporting to grant PNC's motion to vacate the sheriff's sale.

## STANDING

{¶4} "[Third-party] purchasers at a foreclosure sale have no vested interest in the property prior to confirmation of the sale by the trial court." *Ohio Sav. Bank v. Ambrose*, 56 Ohio St. 3d 53, 55 (1990). "As a result, the purchasers have no standing to appeal if the trial court subsequently denies confirmation." *Id.* If the trial court confirms the sale, however, then title to the property passes to the purchaser at that time. *Women's Fed. Sav. Bank v. Pappadakes*, 38 Ohio St. 3d 143, 145 (1988). When a foreclosure sale is confirmed by a trial court, the purchaser "acquir[es] all the interests of both the mortgagor[ ] and the mortgagee" so that the purchaser may "stand in the shoes of either and defend an attack against an interest now vested in it." *Id.* As a third-party purchaser, Lewis Dawson, has standing to appeal the adverse decision of the trial court vacating its order confirming the foreclosure sale.

## VACATING A CONFIRMATION ORDER

{¶5} This Court has held that a trial court's order confirming the sale of real property under Section 2329.31 of the Ohio Revised Code is a final order. *Emerson Tool L.L.C. v. Emerson Family Ltd. P'ship*, 9th Dist. No. 24673, 2009-Ohio-6617, ¶ 13; *Cuyahoga Sav. Ass'n*

*v. Kellar*, 9th Dist. Nos. 3088-M, 3108-M, 2001 WL 358394, \*2 (Apr. 11, 2001). Except in limited circumstances not relevant here, a trial court may not sua sponte vacate its own judgments or final orders. *Deutsche Bank Trust Co. v. Pearlman*, 162 Ohio App. 3d 164, 2005-Ohio-3545, ¶ 13-15 (9th Dist.); *Hudgins v. Mitchell*, 128 Ohio App. 3d 403, 407 (9th Dist. 1998) (noting that since the adoption of the Civil Rules, Rule 60(B) provides the exclusive means for a trial court to vacate its final judgment). After the trial court confirmed the sale, PNC's recourse would have been to appeal the order of confirmation or move the trial court under Civil Rule 60(B) to vacate it.

{¶6} PNC moved the trial court to vacate the sheriff's sale on February 15, 2012. Two days later, Lewis Dawson moved to confirm the sale. By entering an order confirming the sale on February 28, the trial court ruled against PNC on that issue. There was no "[m]otion to vacate" pending when the trial court purported to "[g]rant[ ]" "Plaintiff's Motion to vacate the Sheriff Sale." The trial court erred by sua sponte vacating its final order. The March 6, 2012, order of the trial court is reversed. Lewis Dawson's assignments of error are overruled as moot. *See* App. R. 12(A)(1)(c).

## CONCLUSION

{¶7} Lewis Dawson's assignments of error are overruled because they are moot in light of the fact that the trial court incorrectly vacated its prior order confirming the foreclosure sale. The judgment of the Summit County Common Pleas Court is reversed and remanded for further proceedings consistent with this opinion.

Judgment reversed
and remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

CLAIR E. DICKINSON
FOR THE COURT

MOORE, P. J.
BELFANCE, J.
CONCUR

APPEARANCES:

ARTHUR AXNER, Attorney at Law, for Appellant.

PATRICIA K. BLOCK, Attorney at Law, for Appellee.