[Cite as *Ocwen Loan Servicing v. Sayre*, 2019-Ohio-3491.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Ocwen Loan Servicing, LLC, et al., | : | |
| Plaintiffs-Appellees, | : | |
| | : | No. 18AP-335 |
| v. | : | (C.P.C. No. 13CV-9854) |
| Trina Sayre, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on August 29, 2019

**On brief:** *Blank Rome, LLP*, and *John R. Wirthlin*, for appellees Ocwen Loan Servicing, LLC, and Federal National Mortgage Association. **Argued:** *John R. Wirthlin*.

**On brief:** *Barry W. Epstein*, for appellant. **Argued:** *Barry W. Epstein*.

APPEAL from the Franklin County Court of Common Pleas

KLATT, P.J.

{¶ 1} Defendant-appellant, Trina Sayre, appeals a judgment of the Franklin County Court of Common Pleas that denied Sayre's motions to strike and stay enforcement of a writ of possession issued to appellee, Federal National Mortgage Association ("Fannie Mae"). For the following reasons, we affirm that judgment.

{¶ 2} On September 4, 2013, OneWest Bank filed a foreclosure action against Sayre. The complaint alleged that Sayre had defaulted on her mortgage loan, which was secured by property located at 1612 Reaver Lane in Columbus. OneWest claimed that Sayre owed it $64,275.60, plus interest, costs, advances, and other charges.

{¶ 3} On October 18, 2013, OneWest obtained personal service of the complaint and summons on Sayre. Sayre did not answer the complaint.

{¶ 4} On November 24, 2013, the trial court entered an order substituting plaintiff-appellee, Ocwen Loan Servicing, LLC, as the plaintiff in place of OneWest. Substitution was necessary because OneWest had transferred Sayre's note and mortgage to Ocwen after filing suit.

{¶ 5} A trial before a magistrate occurred on September 3, 2014. Sayre did not appear for trial. Ocwen appeared and presented evidence.

{¶ 6} In a decision issued September 4, 2014, the magistrate found that Ocwen had established that it was the holder of Sayre's note and mortgage, Sayre had defaulted on the note, and the lender had properly accelerated the mortgage loan after Sayre's default. Additionally, the magistrate found that Sayre owed Ocwen (1) the principal balance of $64,275.60, with interest at the rate of 4 percent per annum from April 1, 2013; (2) $3,910.27 in escrow advances; and (3) costs. The magistrate recommended that the trial court order foreclosure (unless Sayre redeemed the property) and direct the Franklin County Sheriff to proceed with the sale of Sayre's property.

{¶ 7} Sayre did not object to the magistrate's decision. On September 26, 2014, the trial court entered a judgment approving and adopting the magistrate's decision. Sayre did not appeal the judgment of foreclosure or redeem her property.

{¶ 8} On May 1, 2015, the Sheriff sold the Reaver Lane property at public auction to Ocwen, the highest bidder, for $44,000. Ocwen assigned all right, title, and interest in its bid to Fannie Mae.

{¶ 9} In a judgment dated May 22, 2015, the trial court confirmed the sale, ordered the Sheriff to deed the Reaver Lane property to Fannie Mae, and determined the distribution of the proceeds from the sale. Sayre did not appeal this judgment.

{¶ 10} In October 2015, Fannie Mae obtained a writ of possession and, pursuant to the writ, the Sheriff notified Sayre that she had to vacate the Reaver Lane property. Seeking to maintain her residency, Sayre moved to stay enforcement of the writ of possession.

{¶ 11} On December 21, 2015, the trial court issued an order following a status conference regarding Sayre's motion. In that order, the trial court concluded that, based on the representations of the parties' attorneys, the motion was moot.

{¶ 12} For well over one year, Sayre continued to reside at the house on Reaver Lane and Fannie Mae took no action to oust her. Then, in May 2017, Fannie Mae obtained a

second writ of possession.  In response, Sayre moved to strike the writ.  Days later, Sayre moved to stay enforcement of the writ.

{¶ 13} After a status conference, the trial court temporarily stayed enforcement of the writ and scheduled an evidentiary hearing.  During that hearing, Sayre testified that the Reaver Lane property had suffered significant fire damage on November 4, 2014, a little over one month after the trial court entered the judgment of foreclosure.  To compensate Sayre for the damage to the house, Sayre's insurer issued a check for $90,081.08 payable to Sayre and Ocwen.  Sayre spoke with an Ocwen representative, who directed her to indorse the check and forward it to Ocwen.  The representative also assured Sayre that Ocwen would delay the foreclosure proceedings while Sayre repaired the house.

{¶ 14} Repairs to the Reaver Lane house began in late November 2014.  Ocwen, having retained the $90,081.08 in insurance proceeds, paid the contractor approximately $60,000 from those proceeds for its work on the house.  At some point, Ocwen refused to make any more payments to the contractor.  Sayre then used her own funds to pay for the completion of the necessary repairs.

{¶ 15} In May 2015, Sayre discovered a notice of the Sheriff's sale taped to her door.  Sayre contacted Ocwen regarding the notice, and an Ocwen representative told her that the notice "was a mistake."  (Tr. at 25.)

{¶ 16} In support of her motions to strike and stay, Sayre argued that the trial court should preclude Fannie Mae from taking possession of the Reaver Lane property until Ocwen refunded to her the remaining balance of the insurance proceeds, which amounted to approximately $30,000.  The trial court disagreed.  In a judgment entered April 12, 2018, the trial court denied Sayre's motions and vacated the temporary stay of the enforcement of the writ of possession.

{¶ 17} Sayre now appeals the April 12, 2018 judgment, and she assigns the following errors:

> I. The trial court erred by treating the Federal National Mortgage Association as an innocent third[-]party purchaser.
>
> II. The trial court erred by not allowing Ms. Sayre's claims against Ocwen Loan Servicing, LLC to transfer with the Note and be brought as defense[s] against the Federal National Mortgage Association.

{¶ 18} By her first assignment of error, Sayre argues that the trial court erred in extending the protection of R.C. 2325.03 to Fannie Mae. We disagree with the premise of Sayre's argument, i.e., that the trial court relied on R.C. 2325.03 in ruling on Sayre's motions.

{¶ 19} Pursuant to R.C. 2325.03, "[t]he title to property, which title is the subject of a final judgment or order sought to be vacated, modified, or set aside by any type of proceeding or attack and which title has, by, in consequence of, or in reliance upon the final judgment or order, passed to a purchaser in good faith, shall not be affected by the proceeding or attack." Under this provision, "title to property remains with a good faith purchaser despite attempts after final judgment, to set aside, vacate or modify a judgment under which the property was purchased." *Fannie Mae v. Hicks*, 8th Dist. No. 103804, 2016-Ohio-8484, ¶ 12; *accord Chase Manhattan Mtg. Corp. v. Locker*, 2d Dist. No. 19904, 2003-Ohio-6665, ¶ 47 ("R.C. 2325.03 provides that title to property passing to a purchaser in good faith (including a purchaser at a duly confirmed judicial sale) is unaffected by an attack on the final judgment involving the property.").

{¶ 20} Here, Sayre argues that Fannie Mae cannot qualify as a good faith purchaser, so the trial court erred in treating it as one. However, the trial court did not cite, much less apply, R.C. 2325.03 in this case. R.C. 2325.03 safeguards a title held by a good faith purchaser when the original owner seeks to vacate, modify, or set aside the judgment authorizing the transfer of title. Ohio law limits the means by which a party may seek to vacate, modify, or set aside a judgment to appeals, Civ.R. 60 motions for relief from judgment, and common-law motions to vacate based on lack of jurisdiction. Sayre has not pursued any of these avenues to overturn the judgment confirming the sale of the Reaver Lane property. Consequently, R.C. 2325.03 did not factor into the trial court's decision. The trial court, therefore, did not err as Sayre alleges and, as a result, we overrule Sayre's first assignment of error.

{¶ 21} By Sayre's second assignment of error, she argues that the trial court erred in refusing to recognize that her claims against Ocwen transferred to Fannie Mae when Ocwen transferred her note to Fannie Mae. Sayre contends that she can assert against Fannie Mae claims based on Ocwen's alleged fraudulent misrepresentations and withholding of the $30,000 in insurance proceeds. According to Sayre, resolution of these claims in her favor

would invalidate the foreclosure, thus rendering a stay of the writ of possession equitable. We disagree.

{¶ 22} First, the factual premise at the core of Sayre's assignment of error is wrong. Ocwen did not transfer Sayre's note to Fannie Mae; Ocwen only assigned its bid on the Reaver Lane property to Fannie Mae. Because Ocwen did not transfer the note, the trial court could not err as alleged.

{¶ 23} Second, and more importantly, Sayre's argument wrongly presumes that the trial court can, and should, reopen a closed foreclosure case so she can litigate her claims and defenses. A trial court may not sua sponte vacate a final judgment so that litigation may recommence. *PNC Bank, N.A. v. Maxwell*, 9th Dist. No. 26357, 2012-Ohio-5399, ¶ 5; *GMAC, LLC v. Greene*, 10th Dist. No. 08AP-295, 2008-Ohio-4461, ¶ 19. To raise her claims and defenses against Ocwen, Sayre has recourse via a Civ.R. 60(B) motion filed in the instant case and/or a new suit against Ocwen.[1]

{¶ 24} In ruling on Sayre's motions to strike and stay, the trial court could not ignore the unchallenged final judgment confirming the sale of the Reaver Lane property. With that judgment, title to the Reaver Lane property legally passed to Fannie Mae. *See Women's Fed. Sav. Bank v. Pappadakes*, 38 Ohio St.3d 143, 145 (1988) ("Title to the property at issue legally passed when the sale was confirmed."); *accord* R.C. 2329.37 ("All the estate and interest of the person whose property the officer so professed to sell and convey [at the Sheriff's sale] * * * shall be vested in the purchaser by such sale."). Absent an appeal or Civ.R. 60(B) motion attacking the judgment confirming the sale, the trial court had no basis to deny Fannie Mae its right to possess property that it owns. Accordingly, we overrule Sayre's second assignment of error.

{¶ 25} For the foregoing reasons, we overrule both of Sayre's assignments of error, and we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER and LUPER SCHUSTER, JJ., concur.

---

[1] By recognizing Sayre's options, we do not imply that Sayre would, or could, succeed in obtaining relief by pursuing either or both options.